781 P.2d 69

**The STATE of Arizona, Appellee,**

v.

**Kenneth Wayne BARNES, aka Kenneth Taylor, aka "Roadrunner," Appellant.**

**No. 2 CA–CR 88–0143.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 9, 1989.

Review Denied Oct. 31, 1989.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Janet Keating, Phoenix, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Rebecca A. McLean, Tucson, for appellant.

## OPINION

LACAGNINA, Chief Judge.

Kenneth Wayne Barnes appeals his conviction for attempted manslaughter pursuant to A.R.S. §§ 13–1001 and 13–1103(A)(2) and the imposition of a presumptive six-year prison term. For the reasons stated below, we affirm.

Barnes's first two arguments center on the decision in *State v. Adams*, 155 Ariz. 117, 745 P.2d 175 (App.1987). Based on *Adams*, the trial court instructed the jury on attempted second-degree murder, deleting the language concerning reckless commission of the offense. The court refused to give Barnes's requested instruction on attempted negligent homicide, but did instruct on attempted manslaughter upon a sudden quarrel or heat of passion.

Barnes argues that there is no such crime as attempted heat of passion or sudden quarrel manslaughter because *Adams* excludes liability for all attempts committed with a mental state of "knowingly." *Adams* does not so hold. In that case, Division One of this court held that the offenses of attempted reckless manslaughter and attempted negligent homicide are not cognizable under Arizona laws because reckless and negligent states of mind are unintentional and attempt crimes require intentional, purposive conduct. 155 Ariz. at 120, 745 P.2d at 178. In *Adams*, the court noted that it was not deciding whether the offense of attempted heat of passion or sudden quarrel manslaughter exists in Arizona. 155 Ariz. at 119, n. 1, 745 P.2d at 177, n. 1.

When a defendant intentionally shoots a victim and knows that the shooting would cause death or serious physical injury, the knowing conduct is sufficient to convict him if the victim dies even if the defendant did not intend to kill. *See* A.R.S. § 13–1104(A)(2). Similarly, appellant's conviction for attempted heat of passion or sudden quarrel manslaughter based on his intentional, knowing conduct is also not prohibited. What must be "intentional" is the conduct, *State v. Galan*, 134 Ariz. 590, 658 P.2d 243 (App.1982), and that requirement is satisfied here. A person knows that shooting a person at close range with a rifle will cause death or serious physical injury. The evidence shows that Barnes intended to shoot the victim and did shoot the victim in a sudden quarrel or in the heat of passion. The victim lived, and the offense committed was attempted heat of passion or sudden quarrel manslaughter. Barnes was properly convicted of a cognizable crime. We necessarily reject Barnes's alternative contention that *Adams* was wrongly decided.

Finally, Barnes argues that the trial court committed fundamental error by failing to instruct the jurors that a person can only be convicted of attempt where there is a specific intent or intent in fact to commit the crime charged. This argument is being made for the first time on appeal. The court instructed the jurors, giving them the statutory definition of attempt. A.R.S. § 13–1001. According to Barnes, he could only be convicted of attempt if it were proven that he intended to kill and not if the state proved only that he intended to shoot the victim. The argument flows from his misreading of *Adams*. Adams does not bar his conviction of an attempted "knowing" offense. Evidence was presented from which the jury could have found that Barnes intended to kill the victim. It is clear from the record that the shooting was intentional and the trial court acted correctly in giving the jury the statutory definition of attempt.

Our review of the entire record for fundamental error reveals none. Therefore, the judgment of conviction and the sentence imposed are affirmed.

ROLL, P.J., and FERNANDEZ, J., concur.