105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Appellee,
v.
John DOE, Appellant.
 No. 95-10314.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Dec. 19, 1996.
 
 1
 Before FLETCHER, WIGGINS, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 John Doe appeals his juvenile conviction for attempted criminal damage under 18 U.S.C. § 13, assimilating Arizona Revised Statutes ("A.R.S.") §§ 13-1001(A)(2) and 13-1602(A)(1). Doe claims that the district court erred in denying his motion to dismiss, or in the alternative to enter a judgment of acquittal, because the offense for which he was convicted is not a cognizable crime under Arizona law. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 FACTS
 
 4
 On October 4, 1995, Doe and a companion vandalized B.M.'s truck in the parking lot at the Luke Air Force Base hospital. Another friend vandalized a different vehicle. Doe twice struck the windshield of B.M.'s truck, but did not break it. Doe and his friends were apprehended by hospital security police and taken to the military police station. In a sworn statement, Doe admitted that "I hit the cab window twice with my B.B. gun but it didn't break," and that his companion "did all the damage to the truck, I only tried to brake [sic] the window."
 
 
 5
 Doe was charged with attempted criminal damage under the federal Assimilated Crimes Act, 18 U.S.C. § 13, assimilating A.R.S. §§ 13-1001 and 13-1602[1]. Through counsel, Doe filed a motion to dismiss the charge or, in the alternative, to enter a judgment of acquittal. Doe claimed that Arizona law does not recognize the offense of attempted criminal damage because the crime of criminal damage requires only a "reckless" state of mind while attempt crimes require that the defendant specifically intend to commit the attempted crime.
 
 
 6
 The district court denied Doe's motion. On June 29, 1995, the district court adjudicated Doe a juvenile delinquent and convicted him of attempted criminal damage as charged. The court sentenced Doe to 30 days confinement. Doe timely appealed.
 
 STANDARD OF REVIEW
 
 7
 We review de novo the district court's denial of Doe's motion to dismiss based on its interpretation of the relevant Arizona statutes. See United States v. Pena-Carillo, 46 F.3d 879, 881 (9th Cir.), cert. denied, 115 S.Ct. 1990 (1995); United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir.1993).
 
 DISCUSSION
 
 8
 The information charged Doe with attempted criminal damage under A.R.S. §§ 13-1001 and 13-1602. A.R.S. § 13-1602 provides in relevant part:
 
 
 9
 A. A person commits criminal damage by recklessly:
 
 
 10
 1. Defacing or damaging property of another person; or
 
 
 11
 2. Tampering with property of another person so as substantially to impair its function or value;
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 A.R.S. § 13-1001 provides in relevant part:
 
 
 15
 A. A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 2. Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense;
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 Doe argues that because criminal damage is committed "recklessly" while the crime of attempt must be committed "intentionally," Arizona has not formally recognized attempted criminal damage. However, at least one Arizona court has recognized an attempted property crime for which recklessness is the requisite state of mind. State v. Galan, 134 Ariz. 590, 658 P.2d 243 (Ariz.Ct.App.1982) (attempted trafficking in stolen property). In State v. Barnes, 162 Ariz. 92, 93, 781 P.2d 69, 70 (Ariz.Ct.App.1989), the Arizona Court of Appeals held that in order for a defendant to commit an attempt crime, "[w]hat must be 'intentional' is the conduct."
 
 
 22
 Here, Doe was charged with the crime of attempted criminal damage. In his sworn statement, Doe admitted that he intended to break the window of B.M.'s truck. Thus, by his own admission, Doe intentionally engaged in conduct (striking the windshield) that, had circumstances (e.g., the breakability of the windshield or the force of Doe's blow) been as Doe believed them to be, would have culminated in defacing or damaging property of another person (B.M.). Arizona law provides that "[i]f acting recklessly suffices to establish an element, that element also is established if a person acts intentionally or knowingly." A.R.S. § 13-202. By acting intentionally, Doe therefore acted with the kind of culpability otherwise required to commit criminal damage. Unquestionably, Doe's conduct satisfied the essential elements of A.R.S. §§ 13-1001(A)(2) and 13-1602(A)(1).
 
 
 23
 The district court properly denied Doe's motion to dismiss or, in the alternative, to enter a judgment of acquittal.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Assimilated Crimes Act authorizes federal prosecutions for crimes not contained in the United States Code where a criminal offense under state law is committed within a federal enclave or in an area under the exclusive jurisdiction of the United States. Under the Act, state substantive law is incorporated into the federal prosecution and the federal prosecutor "steps into the shoes" of the state prosecutor for purposes of the charged offense. United States v. Kearney, 750 F.2d 787 (9th Cir.1984). The parties stipulated that Luke Air Force Base is an area within the exclusive jurisdiction of the United States