UNITED STATES of America,
Plaintiff-Appellee,

v.

Timothy W. KEARNEY,
Defendant-Appellant.

No. 84–1104.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1984.

Decided Dec. 28, 1984.

788

Jeffrey L. Caddell, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Yvonne E. Chotzen, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Before HUG, TANG and SCHROEDER, Circuit Judges.

TANG, Circuit Judge:

Timothy Kearney appeals a judgment of the district court affirming his sentence as a second offender for driving under the influence of intoxicating liquor. Kearney contends that he should not be sentenced under the second offender provision because the information to which he pleaded guilty did not allege his prior DUI conviction. We disagree, and affirm the judgment of the district court.

## I. FACTS

On June 3, 1983, Timothy Kearney was arrested on a federal military installation for driving under the influence of intoxicating liquor in violation of Hawaii Revised Statute § 291-4 (Supp.1983), a federal offense pursuant to 18 U.S.C. § 13 (1969), the Assimilative Crimes Act. Kearney pleaded guilty before a federal magistrate to the federal DUI charge on September 20, 1983.

Prior to imposition of sentence, Kearney moved to strike consideration of the prior DUI conviction: on April 16, 1983, Kearney had previously pleaded guilty to and was convicted of a state violation of H.R.S. § 291-4. The magistrate, however, denied the motion to strike and imposed a sentence under the second offender provision, H.R.S. § 291-4(b)(2) of forty-eight hours of imprisonment and a one year license suspension.[1]

Kearney appealed to the district court claiming, inter alia, that he could not be sentenced as a second offender because the information to which he pleaded guilty did not allege his prior DUI conviction. The district court concluded that Kearney was "neither charged with nor convicted of second offense drunk driving," but was convicted of drunk driving simpliciter and sentenced as a second offense drunk driver. The district court found no requirement that the information allege his prior conviction. Kearney appeals that judgment.

## II. DISCUSSION

■ Kearney argues that his sentence as a repeat offender is invalid as a matter of law. Therefore, the district court's judgment will be reviewed *de novo* by this court. *In re Bialac*, 712 F.2d 426, 429 (9th Cir.1983).

■ The Assimilative Crimes Act incorporates state substantive criminal law as federal substantive law. *See United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir. 1982). However, this section does not generally adopt state procedures. *Kay v. United States*, 255 F.2d 476, 479 (4th Cir.), *cert. denied*, 358 U.S. 825, 79 S.Ct. 42, 3 L.Ed.2d 65 (1958).

The only issue Kearney raises on appeal is whether an enhanced penalty, based upon a prior DUI conviction, may be imposed if that prior conviction has not been alleged in the information charging him. First, Kearney argues that the prior conviction is an element of the second offense which must, therefore, be alleged in the information. Second, Kearney contends that due process requires the prosecution to charge the prior conviction in the information so that he is "apprised with reasonable certainty of the nature of the charge against him." Third, Kearney contends that the common law requires that the prosecution allege a prior conviction in the information when an enhanced penalty statute, such as H.R.S. § 291-4, is silent on the matter.

In *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Supreme Court held that due process does not require that a defendant be notified before trial that he is subject to greater penalties as an habitual criminal. *Id.*, 368 U.S. at 452, 82 S.Ct. at 503. The Court reasoned that, "the determination of whether one is an habitual criminal is 'essentially independent' of the determination of guilt on the underlying substantive offense." *Id.* (cite omitted). Therefore, if a state chooses, these determinations may be made in two separate proceedings. *Id.* The Court went

---

**1.** A person violates H.R.S. § 291-4(a) if:

    (1) the person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor.

A person convicted of the offense is sentenced under H.R.S. § 291-4(b).

A first offender is sentenced to a fourteen hour minimum alcohol abuse program, a ninety day license suspension, and one or more of the following: seventy-two hours of community service, forty-eight hours minimum imprisonment, or a fine of $150 to $1,000. H.R.S. § 291-4(b)(1).

A second offender is subject to a mandatory one year license suspension and any one of the following: a ten day minimum of community service, a minimum of forty-eight consecutive hours of imprisonment, or a fine of $500 to $1,000. H.R.S. § 291-4(b)(2).

on to hold that although notice is not necessary before a trial and the conviction upon the substantive offense, a defendant must nonetheless receive notice and a reasonable opportunity to be heard regarding the prior conviction before a harsher sentence may be imposed on that basis. *Id.* In *Oyler,* the state satisfied these procedural due process requirements by giving the defendant notice that he was subject to enhanced penalties and an opportunity to challenge his prior felony conviction at a sentencing proceeding following trial. *Id.* at 453, 82 S.Ct. at 504.

■ Similarly, Kearney's prior conviction is not material to his guilt or innocence on the underlying DUI offense, but only to sentencing. *See McGarry v. Fogliani,* 370 F.2d 42, 43 (9th Cir.1966). This is not a situation, for example, in which the imposition of a greater penalty changes the offense from a misdemeanor to a felony. *See, e.g., Olivito v. U.S.,* 67 F.2d 564, 565 (9th Cir.1933) (indictment must allege prior conviction(s) of unlawful possession of liquor if heavier sentence graduates the offense from a misdemeanor to a felony). Therefore, we find that Kearney's prior conviction is not an element of the offense to which he pleaded guilty and need not be alleged in the information on that basis.

■ Moreover, Kearney has offered no principled basis by which to distinguish the process due under *Oyler v. Boles* from that required in the instant case. Under both types of sentencing provisions defendants are subject to increased penalties based on prior convictions. In this case, Kearney did receive notice that he was subject to greater penalties based on his prior DUI conviction and received an opportunity to challenge that at a sentencing proceeding. Kearney was alerted by the magistrate at the plea proceeding that he would be sentenced as a second offender based on his prior state conviction of April, 1983. Kearney was advised through the pre-sentence report that the prosecution would seek a sentence under the second offender provision. Kearney admitted throughout to pleading guilty to the first DUI conviction,

and attempted unsuccessfully to attack the validity of the prior conviction at his sentencing proceeding.

We hold, therefore, that under *Oyler v. Boles,* the procedures under which Kearney was sentenced as a second offender complied with the requirements of due process. *Oyler,* 368 U.S. at 452, 82 S.Ct. at 503.

Kearney's situation does differ from that in *Oyler v. Boles* in that Kearney did not proceed to trial, but elected to plead guilty. Implicitly, Kearney argues that due process requires that the information charge the prior offense so that he will understand the consequences of pleading guilty and be able to make an informed decision on whether to proceed to trial or not.

■ Rule 11 of the Federal Rules of Criminal Procedure requires that before accepting a plea of guilty, the court must inform the defendant of the minimum and maximum penalties provided by law. F.R. Crim.P. 11(c)(1). In his examination of Kearney, the magistrate did not personally address him and inform him of the possible penalties he might incur as a result of pleading guilty. However, during the plea proceeding, immediately prior to the magistrate's examination of Kearney, defense counsel strenuously objected to the propriety of sentencing Kearney as a second offender based on the April, 1983 conviction. After much debate, the magistrate stated that, "I can tell you right now that I'll view [Kearney] as a second offender" at sentencing. Soon thereafter, defense counsel requested a short recess to confer with her client. Following the recess, Kearney entered a plea of guilty to the DUI offense.

■ By not personally informing Kearney of the minimum and maximum penalties to which he was subject, the magistrate technically violated Rule 11. However, Rule 11 has been recently amended to provide that "[a]ny variance from the procedures of this rule which does not affect substantial rights shall be disregarded." F.R.Crim.P. 11(h) (1983). *Cf. United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979)

(collateral attack on guilty pleas could not be predicated upon violation of Rule 32(a) is equally applicable to a formal violation of Rule 11).

In this case, it is clear from the record that Kearney was aware at the time he pleaded guilty that he could be subject to penalties as a second offender, based upon the DUI conviction in April, 1983. Because Kearney had actual knowledge of the sentencing consequences of his guilty plea, his rights cannot be said to have been substantially affected.

Kearney also argues that even if not mandated by due process, the common law requires that an information or indictment charge a prior conviction. It is true that some jurisdictions do follow this practice. *See, e.g., State v. Edinger,* 331 N.W.2d 553, 555 (N.D.1983) (defendant subject to enhanced penalty for second DUI conviction); *State v. Neal,* 347 So.2d 1139, 1141 (La. 1977) (same); *State v. Barker,* 490 S.W.2d 263, 269 (Mo.Ct.App.1973) (same). *Cf. Pinto v. Superior Court,* 119 Ariz. 612, 613, 583 P.2d 268, 269 (Ariz.Ct.App.1978) (due process requires allegation of prior DUI conviction in complaint in order to impose enhanced penalty). However, this practice is less frequently required by federal courts. Kearney cites only two cases, arising under the Prohibition laws, in which a prior conviction was required to be charged in the indictment or information.[2] *Jacobs v. United States,* 24 F.2d 890, 891 (D.C.Cir. 1928), *Massey v. United States,* 281 Fed. 293, 297 (8th Cir.1922). There is no general rule within this circuit that a prior conviction be alleged in the charging document in order to impose a more severe penalty on that basis. *Olivito v. United States* is inapposite, for there the court required the indictment to charge the prior conviction because the sentence graduated the offense from a misdemeanor to a felony. *Olivito,* 67 F.2d at 565. We therefore decline to formulate such a requirement at this time.[3]

Accordingly, the judgment of the district court is

AFFIRMED.

---

2. Interestingly, the issue arose in both these cases because the defendants objected, on grounds of unfair prejudice, to the inclusion of the prior conviction in the information and to its subsequent introduction and proof in front of a jury.

3. As noted by the Supreme Court in *Oyler v. Boles,* this rule "would place a difficult burden on the imposition of a [repeat offender] penalty. Although the fact of a prior conviction is within the knowledge of the defendant, often this knowledge does not come home to the prosecutor until after the trial ..." *Oyler v. Boles,* 368 U.S. at 452 n. 6, 82 S.Ct. at 504 n. 6.