**Decided April 9, 1987**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

COMMONWEALTH OF THE NORTHERN)     TRAFFIC CASE NO. 87-242
MARIANA ISLANDS,           )
                         )
          Plaintiff,  )
                         )
     vs.                )          <u>MEMORANDUM OPINION</u>
                         )              <u>AND ORDER</u>
MATHEW HIROICHI,          )
                         )
          Defendant. )
_____)

     This matter came on for hearing April 3, 1987, with respect to the issue of whether defendant should be sentenced under the provision of 9 CMC §7109(b), i.e. as a repeat DUI offender, or as a first-time offender under 9 CMC §7109(a).

     Procedurally, the defendant first appeared in court for arraignment on February 20, 1987, and entered a plea of not guilty to the charges of driving while under the influence of intoxicating liquor (DUI) and reckless driving.

     Subsequently, at the request of defendant, the Government filed another Information re-alleging both offenses as well as a third count of refusing to submit to a breath test.

1081

On March 19, 1987, the matter came on for trial, but the parties negotiated a plea agreement whereby Counts II and III were dismissed, and defendant entered a guilty plea to Count I (the DUI charge). The plea of guilty to the DUI charge was accepted, and the court proceeded with the sentencing phase. On inquiry by the court, the defendant stated that this was his second DUI conviction.

At that point, the court stated that defendant would be subject to the mandatory minimum 20-day jail term and the other sentencing provisions of 9 CMC §7109(b).

The defense disagreed, and asked that sentencing be delayed pending the submission of briefs on the issue, and that argument thereon be heard. The court so allowed.

At the time of hearing, the Government failed to submit a brief in reply to the defendant's, but asked for time to submit a brief in opposition to defendant's. It did.

The defense argues that since the Information filed with respect to the DUI charge did not allege that defendant has had a previous DUI conviction and since there was no proof made of defendant's previous DUI conviction, except for defendant's subsequent admission of a prior conviction, he should be sentenced pursuant to 9 CMC §7109(a) which carries the lesser minimum mandatory jail term of three-days. Were the court to apply the harsher sentencing provisions of 9 CMC §7109(b), defendant argues that he would be denied his due process rights to notice as to the precise charge he is being accused of.

1082

■ The court disagrees with defendant's contention that if the Information fails to plead or the Government fails to prove that a specific DUI charge is a second or subsequent DUI offense, he cannot be subjected to the harsher penalty provided by 9 CMC §7109(b). That statute, in part, provides:

> On a second or subsequent conviction within a period of five (5) years, the person shall be punished by imprisonment for not less than 20 days nor more than one year, and a fine of not more than $1,000.

■ Here, defendant was charged and convicted of a DUI offense. The information did not specify whether he was being charged as a repeat DUI offender, and if convicted would subject him to the harsher penalty under 9 CMC §7109(b). The defendant personally knew this was his second DUI offense. The Government is not necessarily obligated to put him on notice of its intention to charge him as a repeat offender, subject to punishment under 9 CMC §7109(b). See United States v. Kearney, 750 F.2d 787 (9th Cir., 1984).

Kearney raised similar facts and issue to those presented here. There, the substantive state DUI statute has a similar enhancement penalty provision for repeat offenders; and the issue of notice was raised by defendant, i.e. whether an enhanced penalty, based upon a prior DUI conviction, may be imposed if that prior DUI conviction has not been alleged in the information charging him. Kearney said it could.

1083

*Kearney* stated that defendant's prior conviction is not material to his guilt or innocence on the underlying DUI offense, but only to sentencing. 750 F.2d, at p.790. Like *Kearney*, the instant case did not proceed to trial, but defendant elected to plea guilty to the DUI charge.

Here, prior to sentencing defendant was asked and he admitted that this was his second DUI offense. This notice was sufficient for purposes of apprising defendant of the consequences of his guilty plea. Further, under the Commonwealth's statutory scheme, once a defendant is convicted of a DUI offense, the court is obligated to apply the enhanced penalty of §7109(b).

The statutes in the Commonwealth does not specifically require that the prosecution allege or prove that the offense a defendant is being charged with is a subsequent offense. Failure to do so does not, however, violate defendant's procedural due process rights, i.e. to be put on notice as to whether he is being charged as a repeat offender, subject to the harsher minimum penalty, since such allegation is not material to his guilt or innocence on the underlying DUI offense.

Defendant cites two contrary authority in support of his argument that he should be sentenced as a first-time DUI offender. The first case State ex. rel. Motor Vehicle Division v. Holtz, 674 P.2d 732 (Wyo. 1983), stands for the proposition that where the sentence to be imposed by the court is to be more severe as the number of defendant's prior conviction increases, the statutory scheme makes it a habitual criminal act, and before

1084

sentence can be enhanced he must have notice of the fact. that such is contemplated. Such notice must be contained in the information or charge under which he is being prosecuted.

The other case <u>Pollack v. Dept. of Motor Vehicles</u>, 696 P.2d 141 (Cal. 1985), also acknowledges the well-established legal principle that when a prior conviction is relied upon as a means of empowering a court to impose increased criminal penalties, the indictment or complaint must allege the prior conviction and, unless admitted, it must be proven.

The court declines to follow the authority cited by defendant, and instead applies the <u>Kearney</u> decision of the 9th Circuit Court of Appeals, which have precedential authority in the Commonwealth.

It is, therefore, concluded that an information need not allege a prior DUI conviction to call into play the provision of 9 CMC §7109(b), so long as prior to sentencing defendant is aware that he is subject to the enhanced penalty therein.

Based on the above conclusion, the defendant as a second DUI offender is subject to the sentencing provision of 9 CMC §7109(b).

IT IS SO ORDERED; and sentencing in this matter shall be held April 16, 1987, at 9:00 a.m.

Dated at Saipan, CM, this <u>9th</u> day of April, 1987.

Jose S. Dela Cruz, Associate Judge