980 F.2d 740
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel SPIVEY, Jr., Defendant-Appellant.
 No. 92-10034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1992.*
Decided Nov. 30, 1992.
As Amended on Denial of Rehearing and Rehearing
En Banc Feb. 19, 1993.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Spivey appeals the district court's denial of his request for a jury trial in the State of Hawaii for driving under the influence of alcohol. Spivey was charged with unlawfully operating a vehicle under the influence of alcohol on a federal military reservation in Hawaii, in violation of H.R.S. § 291-4(a)(1) and (a)(2). Spivey's case was prosecuted in federal court under the Assimilated Crimes Act, 18 U.S.C. § 13. The Hawaii Constitution entitles DUI defendants to a jury trial, and Spivey argues that he is therefore entitled to a jury trial for prosecution under the Assimilated Crimes Act, 18 U.S.C. § 13. The magistrate denied Spivey's motion for a trial by jury, and the district court issued an order affirming the magistrate's order.
 
 
 3
 We affirm.
 
 
 4
 The Assimilated Crimes Act provides, in part:
 
 
 5
 (a) Whoever within or upon any [federal enclave], is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.
 
 
 6
 18 U.S.C. § 13(a). Appellant argues that he is entitled to a jury trial because he would have been so entitled had he been prosecuted in the Hawaii State court system. However, the right to a jury trial protected by Hawaii State law is not assimilated by the Assimilated Crimes Act for two reasons. First, state procedural rules are generally not assimilated under the Act. United States v. Kearney, 750 F.2d 787, 789 (9th Cir.1984). Only those portions of state law defining the elements of a crime and authorizing punishment are assimilated into federal law by the Act. United States v. Roberts, 845 F.2d 226, 228 (9th Cir.) (citing United States v. Sain, 795 F.2d 888, 890 (10th Cir.1986)), cert. denied, 488 U.S. 845 (1988). Consequently, federal procedural rules and not state procedural rules apply in prosecutions under the Assimilated Crimes Act. United States v. Wilmer, 799 F.2d 495, 500 (9th Cir.1986), cert. denied, 481 U.S. 1004 (1987).
 
 
 7
 Second, as the district court correctly noted, where there is a conflict between a state law and a federal law, the state law is not assimilated by the Act. United States v. Garner, 874 F.2d 1510, 1512 (11th Cir.1989); United States v. Sain, 795 F.2d 888, 891 (10th Cir.1986). In this case, the law of Hawaii clearly does grant a person charged with DUI the right to a jury trial. State v. Jordan, 825 P.2d 1065 (Haw.1992); State v. O'Brien, 704 P.2d 883 (Haw.1985). Under Hawaii law, violations of these statutes are "serious offenses" and warrant six months punishment. Under federal law, however, a defendant charged with a petty offense is not entitled to a jury trial. A petty offense is presumptively any offense which carries a maximum term of imprisonment of six months or less. Blanton v. City of North Las Vegas, Nev., 489 U.S. 538, 543 (1989). This presumption may be rebutted by a showing that "additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." Id. at 543. Appellant is unable to make such a showing. The maximum penalty authorized under H.R.S. § 291-4 for appellant's offense was six months imprisonment and a maximum fine of $1,000. As a first time offender, appellant could also have been required to complete a fourteen hour alcohol abuse program, seventy-two hours of community service and a 90 day driver's license suspension. H.R.S. § 291-4. These penalties are not so severe that they "clearly reflect a legislative determination that the offense in question is a 'serious' one." 489 U.S. at 543. The Hawaii Constitution's guarantee to DUI defendants of a jury trial is inconsistent with the federal law that the right to a jury trial depends upon the duration and type of punishment authorized for the crime.
 
 
 8
 The district court correctly ruled that Spivey was not entitled to a jury trial under the Assimilated Crimes Act.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3