UNITED STATES of America, Plaintiff–Appellant,

v.

Juan T. REYES, Defendant–Appellee.

No. 94–10288.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 1995 *.

Decided Feb. 21, 1995.

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Craig H. Nakamura, Asst. U.S. Atty., Honolulu, HI, for plaintiff-appellant.

Donna M. Gray, Asst. Federal Public Defender, Honolulu, HI, for defendant-appellee.

Before ALDISERT,** CHOY, and SCHROEDER, Circuit Judges.

CHOY, Circuit Judge:

The United States of America ("Government") appeals the district court's order reversing the magistrate judge's imposition of a six month term of supervised release on Juan T. Reyes ("Reyes") following the revocation of his probation. Reyes was convicted for driving without a valid license in violation of Hawaii law pursuant to the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13. The Government contends that the district court erred in holding that supervised release and probation did not constitute "like punishment" under the ACA. Having jurisdiction under 18 U.S.C. § 3742(b), we reverse the district court's order.

## I

On November 18, 1992, Reyes was convicted in federal court of driving without a valid license and driving under the influence of alcohol (within five years of prior conviction) on the military reservation at Barbers Point, Hawaii. Reyes was arraigned in federal court pursuant to the ACA under which an individual can be prosecuted in federal court

** The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

for a violation of state law on federal property.

Driving without a valid license in violation of Haw.Rev.Stat. § 286–102 is a misdemeanor punishable by a prison term of up to one year. Haw.Rev.Stat. §§ 286–136, 706–663. The authorized term of probation for such an offense under Hawaii state law is one year. Haw.Rev.Stat. § 706–623.

Driving under the influence of intoxicating liquor within five years of a prior conviction is punishable by imprisonment not less than 48 consecutive hours but not more than 60 days of which at least 48 hours must be served consecutively. Haw.Rev.Stat. § 291–4(b)(2). Hawaii state law provides that a person convicted of such an offense be sentenced without the possibility of probation or suspension of sentence.

On February 17, 1993, Reyes was sentenced to pay $500 and was put on one year probation for driving without a valid license. In addition, he was sentenced to license suspension of one year, two days imprisonment, and a fine of $500 for driving under the influence of intoxicating liquor within five years of a prior conviction. Finally, Reyes was referred to a certified substance abuse counselor for assessment and ordered to obtain appropriate treatment.

On November 4, 1993, the Magistrate revoked probation on the basis of Reyes' admitted violations of probation conditions and resentenced Reyes for driving without a license. The Government urged Reyes' sentence to consist of a six-month prison term followed by a six-month term of supervised release. The defense objected, arguing that supervised release was not a sentencing option available to the court for driving without a valid license. The Government countered by asserting that the ACA limits the federal sentencing scheme only by prohibiting the Government from imposing a sentence that exceeds the maximum penalty allowed by state law.

The Magistrate agreed with the Government and sentenced Reyes to four months of imprisonment, followed by a six-month term of supervised release. On November 15, 1993, Reyes appealed to the district court the portion of his sentence imposing the six months of supervised release. On May 4, 1994, the district court reversed and vacated that portion of the Magistrate's sentence imposing a term of supervised release. According to the district court, supervised release is not a "like punishment" under Hawaii state law and is therefore not an available sentencing option under the ACA. On May 27, 1994, the Government timely filed its notice of appeal. We reverse.

## II

■ We review de novo the application of the Sentencing Guidelines. *United States v. Young*, 33 F.3d 31, 32 (9th Cir.1994). In reviewing the imposition of a sentence, the court shall determine "whether the sentence ... was imposed as a result of an incorrect application of the sentencing guidelines...." 18 U.S.C. § 3742(e)(2).

■ In 1990, Congress made explicit the applicability of the Sentencing Guidelines to ACA offenses by amending 18 U.S.C. § 3551. The amendment made clear that defendants convicted of assimilative crimes are subject to the Guideline sentencing scheme which includes provisions for supervised release. The amended § 3551 states:

> Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, including sections 13 [ACA] and 1153 of this title, ... shall be sentenced in accordance with the provisions of this chapter [227]....

18 U.S.C. § 3551(a).

If no guideline has been promulgated for a specific offense, the court must apply the most analogous offense guideline pursuant to § 2X5.1 of the Guidelines. If an analogous guideline cannot be found, 18 U.S.C. § 3553(b) controls and the court shall impose an "appropriate sentence." However, § 2X5.1 also states that "any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable."

■ In this case, the Sentencing Guidelines do not contain an applicable sentence for the offense of driving without a license

because driver's licenses are issued only by the state and not by the federal government. Therefore, the court must fashion an appropriate sentence, keeping in mind that the ACA requires the court to impose a "like punishment." The ACA in relevant part provides that:

> Whoever within or upon any [area of federal jurisdiction] ... is guilty of any act or omission which, although not·made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... shall be guilty of a like offense and *subject to like punishment.*

18 U.S.C. § 13(a) (emphasis added).

The district court relied upon *United States v. Marmolejo,* 915 F.2d 981 (5th Cir. 1990) to hold that a period of supervised release under the federal Sentencing Guidelines and probation under Hawaii state law do not constitute "like punishment." While acknowledging that the conditions are often similar, the district court reasoned that because the purposes of supervised release and probation are different, the two do not constitute "like punishment" under the ACA.

In interpreting "like punishment" of the ACA, this court has stated:

> Once the court has applied state law to determine the applicable term of years for the sentence, the Assimilative Crimes Act does not further require adherence to state policy with reference to parole eligibility. The prisoner is a federal prisoner, and during his confinement the conditions for his release on parole should be controlled by federal correctional policies.

*United States v. Smith,* 574 F.2d 988, 992 (9th Cir.), *cert. denied,* 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 156 (1978).

In *United States v. Leake,* 908 F.2d 550 (9th Cir.1990), this court again echoed the holding in *Smith,* reasoning that adhering to state correctional policies would be disruptive to the federal correctional system because such adherence would create two classes of federal prisoners. The Tenth Circuit has likewise held that the ACA requires federal courts to impose sentences within the maximum and minimum terms established by state law, but

that a federal judge has discretion within that range. *United States v. Garcia,* 893 F.2d 250, 254 (10th Cir.1989), *cert. denied,* 494 U.S. 1070, 110 S.Ct. 1792, 108 L.Ed.2d 793 (1990). Finally, other circuits have recognized an exception to the rule against selective incorporation of state penal statutes where there is a need to promote federal policy. *See United States v. Kelly,* 989 F.2d 162, 164 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 158, 126 L.Ed.2d 119 (1993); *see also United States v. Davis,* 845 F.2d 94, 99 (5th Cir.1988).

■ In light of these decisions, the district court's reading of "like punishment" is too restrictive. While it is true that supervised release and probation are not identical punishments, they are similar enough to constitute "like punishment." In practice, the similarities between the two forms of punishment are greater than the differences. Both the supervised release and probation occur after imprisonment, and both involve governmental supervision after release. The Fifth Circuit, in *Marmolejo,* found that *parole* and supervised release were sufficiently similar to constitute "like punishment." Further, the court noted that "the ACA does not require federal and state sentences to be identical." *Marmolejo,* 915 F.2d at 984 (citing *Garcia,* 893 F.2d at 254).

■ There are two key differences between supervised release and probation. The first difference is that supervised release is a form of post-imprisonment supervision that is in addition to the term of imprisonment, *see* U.S.S.G., Ch. 7, Pt. A., 2(b), while probation is supervision in lieu of incarceration, *see State v. Fields,* 67 Haw. 268, 686 P.2d 1379, 1387 (1984). This difference may ultimately alter the length of the sentence served. We need not address this issue, however, because Reyes' federal sentence of four months of imprisonment followed by six months of supervised release does not exceed the state maximum sentence of one year for his conviction.

■ The second difference, relied upon by the district court to render its decision, is that in Hawaii, the focus of probation has been shifted from rehabilitation to deter-

rence. *State v. Viloria,* 70 Haw. 58, 759 P.2d 1376, 1378 n. 3 (1988); *see also* Conf.Comm. Rep. No. 51–86, in 1986 Hawaii House Journal 937, 938 ("[T]he need to afford deterrence and to provide just punishment, establish a different view of both incarceration and probation.").

While the focus of both probation and incarceration may have shifted from rehabilitation to deterrence, the Hawaii Supreme Court has recognized that rehabilitation still remains one of the purposes of probation. *See Viloria,* 759 P.2d at 1378–79 (referring to "the full rehabilitative benefit that probation is designed to induce."). It is clear that rehabilitation remains one of the purposes of probation; therefore, federal supervised release and state probation share similar purposes and constitute "like punishment." Furthermore, a supervised release provision can be meaningfully applied here because Reyes requires supervision in order to overcome his alcohol problems.

### III

The district court's restrictive reading of the "like punishment" requirement is erroneous for two reasons. First, federal courts have consistently declined to assimilate provisions of state law through the ACA which would conflict with federal policy. Failing to impose supervised release on Reyes would frustrate the federal policy of rehabilitation for defendants who require supervision after release from prison. Second, Hawaii's shift in focus from rehabilitation to deterrence has not negated rehabilitation as one of the purposes of probation. Supervised release and probation have similar goals and constitute "like punishment" under the ACA. Accordingly, we **REVERSE** the district court's ruling.

**REVERSED.**