UNITED STATES of America, Plaintiff–Appellee,

v.

James K. KANEAKUA, Defendant–Appellant.

No. 95–10412.

United States Court of Appeals, Ninth Circuit.

Submitted July 8, 1996.*

Decided Jan. 16, 1997.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

[redacted]

[redacted]

---

Richard Ney, Federal Public Defender, and Loretta Faymonville, Assistant Federal Public Defender, Honolulu, HI, for defendant-appellant.

Steven S. Alm, United States Attorney, and Thomas J. Brady, Assistant United States Attorney, Honolulu, HI, for plaintiff-appellee.

[redacted]

Before: O'SCANNLAIN and LEAVY, Circuit Judges, and MOSKOWITZ, District Judge.**

MOSKOWITZ, District Judge:

James K. Kaneakua was convicted under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, of first degree burglary and unauthorized control of an automobile on the Pearl Harbor Naval Station. The district court sentenced Kaneakua to a mandatory minimum sentence of 40 months as required by the Hawaii Repeat Offender Statute, H.R.S. § 706–606.5(1)(a)(iii). Kaneakua appeals, contending that the court erred in imposing sentence under the Hawaii Repeat Offender Statute and should have instead sentenced him under the federal sentencing guidelines. We affirm.

On March 23, 1995, Kaneakua broke into and stole a 1984 Toyota van from the Arizona Memorial parking lot at the Pearl Harbor Naval Station. Later that day, Kaneakua burglarized a residence on the naval base. Kaneakua was apprehended on the base and confessed to the theft of the van and the burglary of the residence. He also admitted burglarizing two other vehicles and attempting to break into a fourth.

On May 26, 1995, Kaneakua pled guilty to first degree burglary and unauthorized control of another's vehicle in violation of H.R.S. §§ 708–810(1)(c) and 708–836. Because the offenses took place on the Pearl Harbor Naval Station, Kaneakua was charged and convicted under the ACA. Kaneakua was previously convicted in a Hawaiian court in 1993 of theft in the second degree. The Hawaii Repeat Offender Statute provides that a person who is convicted of a class B felony (including first degree burglary of a dwelling) and has previously been convicted of theft in the second degree, shall be sentenced to a minimum term of imprisonment without parole of three years and four months. H.R.S. § 706–606.5(1)(a)(iii).

[redacted] Application of the U.S. Sentencing Guidelines to Kaneakua's offenses, however, would result in a sentencing range of 24 to 30 months.[1] Kaneakua argues that the district court was obligated to follow the U.S. Sentencing Guidelines rather than the Hawaii Repeat Offender Statute. We apply a *de novo* standard in reviewing the district court's application of the federal sentencing guidelines. *United States v. Reyes,* 48 F.3d 435, 437 (9th Cir.1995).

[redacted] The Assimilative Crimes Act states that:

** Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

1. The district court found that U.S.S.G. § 2B2.1 applied to the first degree burglary offense and U.S.S.G. § 2B1.1 applied to the vehicle theft charge. The district court also increased the base offense level for the combined offenses two levels based on its finding that more than minimal planning was involved. The court further found that Kaneakua was in criminal history category III. The resulting Guideline range was 24–30 months. Kaneakua contends that the district court erred in finding that more than minimal planning was involved. We need not reach that issue in light of our holding that a sentence of forty months was required pursuant to the Hawaii Repeat Offender Statute.

Whoever within or upon [a federal enclave] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession or District in which such place is situated, by the laws thereof in force at the time of such act or omission, *shall be guilty of a like offense and subject to a like punishment.*

318 U.S.C. § 13 (emphasis added). Kaneakua was convicted of two offenses under Hawaii law that occurred on the U.S. naval base at Pearl Harbor. The ACA subjects persons committing offenses on federal enclaves to a "like punishment" as an offender would receive in state court had the same offense been committed in the jurisdiction of the state that surrounds the enclave. *United States v. Bosser,* 866 F.2d 315, 317–18 (9th Cir.1989). Had Kaneakua committed these offenses on property off of but adjacent to the naval base, he would have been subject to the Hawaii Repeat Offender Statute and received a minimum sentence of 40 months.

Here, the district court had to choose between the mandatory minimum term of 40 months under the Hawaii Repeat Offender Statute or 24 to 30 months under the U.S. Sentencing Guidelines. However, U.S.S.G § 5G1.1(b) provides that where a statutorily required minimum sentence is greater than the maximum sentence under the guideline range, then the statutorily required minimum sentence is the guideline sentence. Thus, if H.R.S. § 706–606.5(1)(a)(iii) applies, the district court's imposition of a 40 month sentence was correct. Kaneakua argues that the Hawaii Repeat Offender Statute should not apply for several reasons.

■ Kaneakua contends that the federal sentencing guidelines preempt use of Hawaii's Repeat Offender Statute and therefore only the guidelines should apply. The federal sentencing guidelines expressly apply to convictions under the ACA. 18 U.S.C. § 3551(a); *United States v. Leake,* 908 F.2d 550, 553 (9th Cir.1990). However, in *Reyes* and *Leake,* we adopted the reasoning of the Tenth Circuit in *United States v. Garcia,* 893 F.2d 250 (10th Cir.1989), *cert. denied,* 494

U.S. 1070, 110 S.Ct. 1792, 108 L.Ed.2d 793 (1990), and held that while the federal sentencing guidelines applied to offenses under the ACA, the sentence imposed must still fall between the maximum and minimum terms prescribed by the state sentencing law applicable to the offense committed on the federal enclave. *Reyes,* 48 F.3d at 438; *Leake,* 908 F.2d at 553. The U.S. Sentencing Guidelines, U.S.S.G. § 2X5.1 comment. (n. 1); the Sentencing Reform Act, 18 U.S.C. §. 3551(a); and the Ninth Circuit precedent all make clear that the federal sentencing guidelines do not preempt the state sentencing statutes under the ACA. Rather, the state sentencing law is "assimilated" into federal law and is applied in conjunction with the guidelines to offenses occurring on federal enclaves to ensure that such offenders receive "like punishment." *See United States v. Quemado,* 26 F.3d 920, 923 (9th Cir.1994) (Hawaii mandatory minimum sentence for driving while license revoked applies under ACA); *United States v. Binder,* 769 F.2d 595, 600 (9th Cir.1985) (state mandatory minimum sentence applies under ACA). In this case, H.R.S. § 706–606.5 is treated the same as if it were a mandatory minimum sentencing provision contained in the U.S.Code, such as 21 U.S.C. § 841(b), and U.S.S.G. § 5G1.1(b) applies. Thus, Kaneakua's argument that the Hawaii Repeat Offender Statute does not apply and the federal guidelines application should ignore its effect is without merit.

■ Kaneakua makes several other arguments as to why he should not have been sentenced to the minimum 40 month sentence even if the Hawaii Repeat Offender Statute applies to offenses committed on federal enclaves. We find none of these arguments to have merit. Kaneakua first contends that the Repeat Offender Statute does not apply to his offense. Kaneakua was convicted in Count 1 of burglary (in the first degree) of a dwelling in violation of H.R.S. § 708–810(1)(c), a class B felony. He has a prior conviction for theft in the second degree, a class C felony. Section 706–606.5(1)(a)(iii) provides that where a person is convicted of a class B felony and has a prior conviction relating to theft in the second degree, the defendant shall be sentenced

to a minimum period of imprisonment without parole of three years and four months. A clear reading of the statute reveals that Kaneakua is incorrect. The Hawaii Repeat Offender Statute does provide a mandatory minimum sentence for a class B felony with a prior conviction for theft in the second degree. Kaneakua also contends that the statute defining the offense of burglary does not include the mandatory sentencing provision. However, the Hawaii burglary statute itself does not contain a sentencing provision. The sentence for burglary is found in a separate section, H.R.S. § 706–660. Additionally, section 706–606.5(1)(a)(iii) is clearly applicable as it provides that the Repeat Offender Statute applies "notwithstanding § 706–669 and any other law to the contrary." Thus, the statutory mandatory minimum was applicable to Kaneakua's conviction on Count 1.

Kaneakua next contends that before the predicate conviction which would make him a "repeat offender" is used in sentencing, the government must adequately prove that he was represented by counsel in that case. It is clear that an uncounseled conviction may not be used to enhance the sentence for a later conviction. *United States v. Hookano,* 957 F.2d 714, 716 (9th Cir.1992) (quoting *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980)). In *Hookano,* we observed that "[a]n uncounseled misdemeanor conviction cannot be used collaterally to impose an increased prison sentence upon a repeat offender because the lack of counsel undermines the conviction's reliability." 957 F.2d at 716. Under Hawaii case law, the burden is on the government to show that the defendant was adequately represented by counsel in the prior conviction before it can be used to enhance a sentence. *State v. Caldeira,* 61 Haw. 285, 602 P.2d 930, 933 (1979). However, while the ACA incorporates substantive state sentencing law, it does not incorporate state procedural law. *United States v. Kearney,* 750 F.2d 787, 789 (9th Cir.1984).

In *United States v. Newman,* 912 F.2d 1119, 1121 (9th Cir.1990), this court held that under the sentencing guidelines, once the government establishes the fact of a conviction, the burden of proof passes to the defendant to establish that the conviction was unconstitutional. In *United States v. Lee,* 995 F.2d 887, 889 (9th Cir.1993), we applied *Newman* and placed the burden on the defendant of proving that a prior conviction by guilty plea was invalid due to lack of counsel. The court in *Newman* relied in part for its reasoning on commentary note 6 to U.S.S.G. § 4A1.2 (1989), which placed the burden on the defendant to establish the unconstitutionality of a conviction. The Sentencing Commission amended note 6, effective November 1, 1993, by deleting the language relied upon in *Newman* and substituting in its place language that permits a defendant to collaterally attack a prior conviction only if "otherwise recognized in law." U.S.S.G. § 4A1.2, comment. (n. 6) (1993). The Sentencing Commission's statement relating to the 1993 amendment to note 6 reveals that the language relied upon in *Newman* was deleted to make clear that the guidelines did not expand the right to collaterally attack a prior sentence at a sentencing hearing on a new conviction. Comments to Amendment 493 to U.S.S.G.App. C at 339–40 (November 1, 1993). The amendment to note 6 was not intended to reallocate the burden of proof.

It is clear that a failure to be represented by counsel or to validly waive that right can be used to collaterally attack a conviction to be used to enhance a sentence. *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). Prior to *Newman,* this court placed the burden on the government to prove representation by counsel or a valid waiver thereof. *Farrow v. United States,* 580 F.2d 1339, 1355 (9th Cir. 1978) (en banc). However, even under *Farrow,* the burden of proof does not pass to the government unless representation by counsel in the prior conviction is first placed in issue by the defendant. *United States v. Debevoise,* 799 F.2d 1401, 1403 (9th Cir.1986). We need not decide in this case whether placing of the burden of proof on the defendant under *Newman* and *Lee* survives the 1993 amendment to note 6 or whether *Farrow* controls, as even under *Farrow* and *Debevoise,* Kaneakua has not placed in issue the lack of representation by counsel in his prior theft conviction.

■ While the presentence report did not indicate whether or not Kaneakua was represented by counsel in his prior conviction for theft, Kaneakua did not object to the use of the prior conviction in his written objections to the presentence report, and his counsel did not suggest at the sentencing hearing that Kaneakua was not represented in his prior convictions. This issue was raised for the first time on appeal. Therefore, we review the district court's ruling for plain error, "which means we must find 'clear' or 'obvious' error that 'affected [the defendant's] substantial rights.'" *United States v. Karterman,* 60 F.3d 576, 579 (9th Cir.1995) (citation omitted). Kaneakua has not even argued before us that he did not have counsel on the prior theft case. In the absence of Kaneakua ever placing the matter in issue, we cannot say that the district court's reliance on the theft conviction was plain error.

■ Kaneakua also contends that his prior conviction should not have been relied upon in sentencing because there was a lack of adequate notice that it would be considered. In Kaneakua's Opening Brief, he states that "[n]o mention was made [of] the possibility of an enhanced sentence under Hawaii state law, and no notice was ever given by the government that it would seek an enhanced sentence." Kaneakua was clearly aware from the presentence report that the probation officer recommended the mandatory 40 month sentence. He admitted to the district court prior to sentencing that he had read the report. He does not contend here that his plea should be withdrawn because he was not advised of the applicability of the mandatory sentence. *See United States v. Maree,* 934 F.2d 196, 200–01 (9th Cir.1991).

In *Kearney,* the court found that although the defendant was not given notice prior to his trial of the possible use of the repeat offender statute, he was given notice and a reasonable opportunity to be heard as to the use of the statute because he could object to the use of the provision at his sentencing hearing. 750 F.2d at 789–90. Similarly, even if Kaneakua did not have notice or was not aware of the government's intended use of the statute before he signed the plea agreement, he was made aware of the applicability of the Repeat Offender Statute prior to sentencing and had an opportunity to challenge the presentence report at the sentencing hearing.

■ Finally, Kaneakua contends that application of section 706–606.5(1)(a)(iii) is not mandatory and the court had discretion to go below the minimum sentence when it finds that "strong mitigating circumstances warrant such action." H.R.S. § 706–606.5(4). Kaneakua did not urge such a finding by the district court or make such an argument below. This contention, too, must be reviewed for plain error. While the district court did not expressly refer to section 706–606.5(4), it did hear about the defendant's background including his drug problem and abusive childhood. The court, however, found there to be many aggravating factors including his previous poor adjustment to probation. Nothing in the record indicates that the district court felt that it could not depart from the mandatory 40 month sentence. Rather, the record reveals that the district court made the analysis required by section 706–606.5(4) and failed to find any "strong mitigating circumstances" meriting a reduction in the mandatory sentence. The district judge stated that "[t]here do not appear to be any significant aggravating or mitigating factors which can be considered in departing from any of the prescribed guidelines."

Kaneakua's conviction was subject to the Hawaii Repeat Offender Statute, which applies to offenses committed on federal enclaves. The district court did not err in applying the statute. Therefore, Kaneakua's conviction and sentence are AFFIRMED.