114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steve SMITH, Defendant-Appellant.
 No. 96-10361.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 15, 1997.
 
 1
 Before: NORRIS, HALL and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 After trial by jury, defendant was convicted under the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, of burglary in the first degree under Hawaii state law. Although under the Sentencing Guidelines, defendant's sentence would otherwise have been in the range of 51 to 71 months, the district court determined that, under the ACA, defendant should be sentenced under the Hawaii Repeat Offender Statute, HRS § 706-606.5(1)(c)(iii), to the mandatory term of 10 years' imprisonment. Defendant raises three contentions on appeal.
 
 1. Notice of the Crime Charged
 
 4
 The statutory citation in the indictment was incomplete in that it referred only to the Chapter of the Hawaii Statutes, Chapter 708, mistakenly referring to it as "Section 708," and did not contain a reference to a section in that chapter. The complete and correct citation would have been "Section 708-810," which is the section making first degree burglary a crime.
 
 
 5
 Defendant moved to dismiss the indictment under Fed.R.Crim.P. 7(c)(1), which requires that the indictment "shall state ... the official or customary citation of the statute ... which the defendant is alleged therein to have violated." The district court denied the motion. We agree with the magistrate judge's recommendation to the district court that the error was harmless under Rule 7(c)(3) because "the error or omission did not mislead the defendant to the defendant's prejudice." As the magistrate judge stated:
 
 
 6
 The court finds it disingenuous of Defendant Smith to argue that the Indictment was misleading, failed to put him on notice of the charge against him, or that he was otherwise prejudiced by the omission of the precise citation for the law allegedly violated where the caption of the Indictment stated it was for "BURGLARY," the Indictment recited the elements of the crime charged and included a partial citation to the Hawaii statute, and the Indictment followed the filing of a Complaint which put the Defendant on specific notice of the citation.
 
 
 7
 Findings and Recommendations That Defendant's Motion to Dismiss Indictment be Denied at 3 (citing Steinert v. United States Dist. Court, 543 F.2d 69 (9th Cir.1976). We agree and find this contention to be meritless.
 
 2. Notice of Enhanced Sentence
 
 8
 Defendant also contends that the government should have been required "to inform him in advance of trial of its ... intent to seek an enhanced penalty." This contention, however, has long been foreclosed by Oyler v. Boles, 368 U.S. 448, 452 (1962) (intent to seek enhanced penalty under repeat offender statute need not be included in indictment), and United States v. Kearney, 750 F.2d 787, 789-90 (9th Cir.1984) (applying Boles to assimilated crime).
 
 
 9
 3. Application of State Mandatory Minimum under the ACA
 
 
 10
 Defendant contends that sentencing for an assimilated crime should be governed by the Sentencing Guidelines rather than state law; therefore, that the district court erred in sentencing him under the state Repeat Offender Statute to a substantially longer term of imprisonment. Under our recent decision in United States v. Kaneakua, 105 F.3d 463 (9th Cir.1997), however, this contention lacks merit. There, we held that the Hawaii Repeat Offender Statute "applies to offenses committed on federal enclaves." Id. at 468. As defendant forthrightly recognizes in his Reply Brief, Kaneakua is controlling and we are bound by it.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3