UNITED STATES of America, Plaintiff–Appellee,

v.

Lisa RAPAL, Defendant–Appellant.

No. 97–10287.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1998.

Decided June 1, 1998.

Alexander Silvert, First Assistant Federal Defender, Honolulu, Hawaii; Shanlyn A. Souza, Assistant Federal Defender, Honolulu, Hawaii, for defendant-appellant.

Craig H. Nakamura, Assistant United States Attorney, Honolulu, Hawaii, for plaintiff-appellee.

Before: BROWNING, BRUNETTI, and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Lisa Rapal was sentenced following a guilty plea to six counts of forgery and negotiating a worthless instrument in violation of Hawaii law pursuant to the Assimilative Crimes Act (ACA), 18 U.S.C. § 13, to four months' imprisonment and one year supervised release on each count with the sentences to run concurrently. She appeals on the ground that this sentence exceeds the maximum allowable under Hawaii law, which provides for a term of imprisonment not to exceed one year, Haw.Rev.Stat. § 706-663, or probation for up to one year, Haw.Rev. Stat. § 706-623. We disagree, and join all other circuits to consider similar issues in holding that the total sentence, comprised of a term of incarceration and a period of supervised release, may permissibly exceed the term of imprisonment allowed under the assimilated state law in order to further the federal policy of supervised release.

Rapal also appeals that part of her sentence which requires her to serve four months in prison as vindictive in light of her original sentence, imposed prior to reversal by the district court for failure of the magistrate judge to allow allocution, of six months in custody only one of which had to be served in prison. We agree that this portion of the sentence must be vacated and the matter remanded for resentencing.

I

On December 20, 1995, the magistrate judge sentenced Rapal on each of the six

counts to which she pled guilty to six months in custody with one month to be served in prison (on the mainland) and the other five to be served in home confinement, to run concurrently. He did so, as he explained, for the shock value of separating Rapal from her family during the holidays. However, because the magistrate judge offered Rapal no opportunity to speak on her own behalf, the sentence was vacated on appeal to the district court. Rapal was resentenced October 11, 1996, this time to four months in custody, all to be served in prison (on the mainland).[1] The magistrate judge did this because the shock (which he thought had been sufficient for punishment and deterrent purposes before) disappeared "under these circumstances of the appeal." The magistrate judge said he was

> not punishing her for taking the appeal, but the circumstances have changed to that effect. I can no longer shock her. I can no longer put her in and she will realize in a very short period of time because it is the holidays that this is proscribed activity.

However, after Rapal's counsel noted that December was only two months away and if that were the purpose, it could still be served by a two-month term in prison, the magistrate judge replied: "Counsel, I got reversed because I gave her a six-month sentence. So I'm going to give her the four-month sentence which is the minimum. And just have done with it."

■ Rapal argues that this sentence was vindictive, in violation of her due process rights under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). We agree. Due process requires that vindictiveness against a defendant for having successfully attacked her first conviction play no part in resentencing after a new trial. *Id.* at 725–26, 89 S.Ct. 2089. Accordingly, " 'whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.' " *Wasman v. United States*, 468 U.S. 559, 564–65, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984) (quoting *Pearce*, 395 U.S. at 726, 89 S.Ct. 2089).

■ The government does not seriously contend that Rapal's second sentence was not more severe than her first, even though it was technically shorter, because the practical effect of serving four months of hard time (which in the circumstances has to be on the mainland), away from her child, is obviously greater than serving one month in prison and five months at home, albeit under detention. *See United States v. Williams*, 651 F.2d 644, 647 (9th Cir.1981). That being so, vindictiveness is presumed unless there is " 'objective information in the record justifying the increased sentence.' " *Wasman*, 468 U.S. at 565, 104 S.Ct. 3217 (quoting *United States v. Goodwin*, 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)).

■ Here, there is none. Neither events nor conduct "of the defendant occurring after the initial sentencing" exists "to show a nonvindictive motive." *Wasman*, 468 U.S. at 572, 104 S.Ct. 3217. So far as we can tell, the only relevant event occurring after the initial sentencing was Rapal's appeal. Her appeal necessarily (and predictably) changed the timing of Rapal's sentence,[2] and naturally eliminated whatever "shock" value incarcerating her over those Christmas holidays would have had. But the fact that the original sentencing occurred a week before Christmas and resentencing occurred ten weeks before the next Christmas is not new evidence about Rapal's conduct or an event that somehow showed her to be more culpable than before. *See id.* at 569–70, 104 S.Ct. 3217 (consideration of criminal conviction obtained in the interim between an original sentencing and a sentence after retrial rebuts presumption of vindictiveness); *Texas v. McCullough*, 475 U.S. 134, 143, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) (enhanced sentence is

---

1. Both sentences included one year of supervised release, which is not part of Rapal's claim that the sentence imposed after appeal was vindictive but which she does ask us to invalidate as excessive. We consider this point in Part II.

2. Indeed, on the same day sentence was imposed the magistrate judge stayed Rapal's sentence (and surrender date) pending appeal.

justified where new evidence at retrial showed defendant was more culpable than previously proven); *United States v. Duso,* 42 F.3d 365, 367–68 (6th Cir.1994) (trial court may enhance defendant's sentence based on an error in the sentencing guideline's calculations as they had been originally computed); *United States v. Schmeltzer,* 20 F.3d 610, 613 (5th Cir.1994) (convictions for four *different* charges and the resulting increased offense level are sufficient objective events and information justifying an enhanced sentence); *Taylor v. Kincheloe,* 920 F.2d 599, 607 (9th Cir.1990) (conviction of a greater crime than the one to which the defendant had earlier pleaded guilty justified an increased sentence).

While the record does not have to show that the judge was not actually punishing Rapal for taking the appeal, the record must show more than that the judge simply articulated *some* reason for imposing a more severe sentence. The reason must have at least something to do with conduct or an event, other than the appeal, attributable in some way to the defendant. If the timing of resentencing sufficed, appeals would inevitably be chilled because taking the appeal itself is the only thing over which the defendant has any control. As taking an appeal is clearly protected, winning the appeal and with it, the timing of resentencing, cannot alone justify the imposition of a harsher sentence on remand.

The government submits that timing suffices to overcome the presumption of vindictiveness in this case because the opportunity to "shock" Rapal by requiring her immediate incarceration before Christmas was crucial to the magistrate judge's decision that a prison term of only one month (followed by home confinement of five months) would adequately punish Rapal and deter her from future misconduct. It further argues that the court on resentencing could objectively take the deterrent effect on the defendant into consideration, and that the magistrate judge here sincerely did just that.

Without expressing any opinion on the reasoning that went into the original sentence, because it is not before us, and assuming for purposes of this appeal that "shock" value

was appropriately factored into the original sentence in the interests of punishment and deterrence, we are nevertheless unpersuaded that the different sentence here can objectively be supported by the difference in "shock" value. Had that been the purpose, Rapal's second sentence could have been fashioned to incarcerate her over Christmas without increasing her prison term to four months, but it was not. Instead, the judge explained that he "got reversed because [he] gave her a six-month sentence" and would just go with four months and "have done with it."

Such reasoning, based as it is only on events having to do with the appeal, does not overcome the presumption of vindictiveness. Rapal must, therefore, be resentenced without reference to timing and with reference only to events or conduct relevant to her culpability.

## II

■ Both the sentence that Rapal received originally and on remand from her first appeal include a one-year period of supervised release on top of the term to which she was committed to the custody of the Attorney General. We have no reason to believe that the same period of supervised release will not be reimposed no matter what the custody term turns out to be. The district court has specifically upheld the term of supervised release. Although we think the district court correctly viewed our precedent as supporting the conclusion reached by the Fourth Circuit in *United States v. Pierce,* 75 F.3d 173 (4th Cir.1996), that the ACA does not limit the total number of days of imprisonment plus supervised release to the maximum number of days of incarceration allowed under the assimilated law, we have not directly said so before. We now make it explicit, and hold that Rapal's total sentence, comprised of a term of incarceration and a period of supervised release, may exceed the one year term of incarceration allowed under the assimilated law of Hawaii.

■ Federal courts sentencing defendants convicted of ACA offenses are required

to impose "like punishment"[3] that is within the minimum and maximum terms set by state law. *See United States v. Hookano*, 957 F.2d 714, 716 (9th Cir.1992). The ACA does not require, however, that federal courts assimilate provisions of state law that conflict with federal policy. *See United States v. Smith*, 574 F.2d 988, 992–93 (9th Cir.1978) (declining to incorporate state policy on parole eligibility into the federal parole system). And as we have already held, the United States Sentencing Guidelines apply to ACA offenses and "[f]ailing to impose supervised release on [an ACA defendant] would frustrate the federal policy of rehabilitation for defendants who require supervision after release from prison."[4] *United States v. Reyes*, 48 F.3d 435, 437 (9th Cir.1995). This view is in accord with that of the Fourth, Eighth, and Eleventh Circuits, which have also declined to assimilate provisions of state law that conflict with federal policy. *See United States v. Engelhorn*, 122 F.3d 508 (8th Cir.1997); *United States v. Burke*, 113 F.3d 211 (11th Cir.1997); *Pierce*, 75 F.3d 173.

Rapal argues that federal supervised release does not conflict with Hawaii law because for the misdemeanors of which she was convicted, Hawaii allows a split sentence with probation following incarceration so long as the total sentence does not exceed one year.[5] However, while supervised release and probation under Hawaii law are "like punishments," they serve different purposes as Judge Choy explained in *Reyes*, 48 F.3d at 438. Probation is supervision in lieu of incarceration, whereas supervised release is a form of post-imprisonment supervision that is in addition to the term of imprisonment. *Id.* at 438.

Supervised release reflects the federal policy of providing individualized supervision for incarcerated federal prisoners upon their release from custody based on the needs of the prisoner for supervision, rather than on the amount of time that happens to remain of the term of imprisonment when the defendant is released. *See United States v. Montenegro-Rojo*, 908 F.2d 425, 432–33 (9th Cir.1990). It is for this reason that a court sentencing a defendant under federal law may tack a period of supervised release onto any term of imprisonment authorized by a substantive criminal statute and that the combined periods of imprisonment and supervised release may exceed the maximum term of incarceration permitted by statute. *See id.* at 432.

It follows that unless supervised release plus the term of incarceration may exceed the maximum term of one year for imprisonment under Hawaii law, there would be a conflict between federal policy and Hawaii law. We agree with the Fourth Circuit that under these circumstances, federal policy must govern. *See Pierce* 75 F.3d at 177–78; *see also Engelhorn*, 122 F.3d at 513–14; *Burke*, 113 F.3d at 211. Therefore, we hold that the ACA does not preclude a combined term of imprisonment (within the state statutory maximum) and supervised release that exceeds the maximum term of incarceration permitted under state law.

### III

Rapal urges us to reassign this case to a different magistrate judge upon

---

3. The ACA provides in relevant part that:
   Whoever within or upon any [area of federal jurisdiction] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... shall be guilty of a like offense and subject to a like punishment.
   18 U.S.C. § 13(a).

4. The Sentencing Guidelines authorize the court to impose a one-year term of supervised release for Class A misdemeanors such as Rapal's offenses. U.S.S.G. §§ 5D1.1, 5D1.2.

5. Haw.Rev.Stat. § 706–663 provides that "the court may sentence a person who has been con-

victed of a misdemeanor ... to imprisonment for a definite term to be fixed by the court and not to exceed one year...."

Haw.Rev.Stat. § 706–623(1) provides that "[w]hen the court has sentenced a defendant to be placed on probation, the period of probation shall be ... [o]ne year upon conviction of a misdemeanor...."

Haw.Rev.Stat. § 706–624 prescribes mandatory conditions of probation and permits as a discretionary condition (among others) an order that the defendant "[s]erve a term of imprisonment not exceeding ... six months in misdemeanor cases...."

remand, but we decline to do so. Absent personal bias, remand to a new judge is warranted only in rare circumstances. *United States v. Huckins,* 53 F.3d 276, 280 (9th Cir.1995). While insufficient to avoid the presumption of vindictiveness, the magistrate judge's statements at Rapal's resentencing do not indicate that he was actually biased towards her. Nor do they indicate that he would not be able to put out of his mind his previously expressed views or that he would ignore the mandate of this court on remand. *Id.*

AFFIRMED IN PART; REVERSED, VACATED AND REMANDED IN PART.