UNITED STATES of America,
Plaintiff–Appellee,

v.

Bruce L. SLEDGE, Defendant–
Appellant.

No. 08–10209.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2009.*

Filed March 2, 2009.

Gabriel Colwell, USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Arthur E. Ross, Law Offices of Arthur E. Ross, Honolulu, HI, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT, BRUNETTI and THOMAS, Circuit Judges.

MEMORANDUM **

Defendant Bruce L. Sledge appeals his conviction under the Assimilated Crimes Act ("ACA"), 18 U.S.C. § 13, for operating a vehicle while intoxicated ("DUI") and with a suspended license. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

■ First, there is no merit to Sledge's claim that the Indictment was fatally defective. Because the Information charged only a first offense DUI, and further Sledge was convicted and sentenced based on a first offense, there was no defect in failing to enumerate a prior conviction as an element of the charged offense. *See State v. Ruggiero*, 114 Hawaii 227, 160 P.3d 703, 716 (2007). The Information clearly set forth the required elements for a first offense under Haw.Rev.Stat. § 291E–61(a).

■ Second, and equally without merit, is Sledge's argument that his rights under the Speedy Trial Act ("STA") were violated. Both Counts with which Sledge was charged were assimilated into federal law under the ACA. *Lewis v. United States*, 523 U.S. 155, 158, 118 S.Ct. 1135, 140 L.Ed.2d 271 (1998) (explaining that the "[ACA] assimilates into federal law, and thereby makes applicable on federal enclaves such as Army bases, certain criminal laws of the State in which the enclave is located"); *see also United States v.*

*Kearney*, 750 F.2d 787, 789 (9th Cir.1984) (noting that "[t]he Assimilative Crimes Act incorporates state substantive criminal law as federal substantive law") (citing *United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir.1982)). Therefore, the district court correctly held that the STA's time limitations did not apply here because the Counts [1] with which Sledge was charged were classified as Class C misdemeanors. *See* 18 U.S.C. § 3161(c)(1); *see also* 18 U.S.C. § 3559(a)(8); 18 U.S.C. § 3172(2) (exempting Class C misdemeanors from the Speedy Trial Act). In any event, even if the STA did apply, Sledge waived the issue when he failed to move for dismissal prior to or during trial. *See* 18 U.S.C. § 3162(a)(2).

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The maximum possible punishment for Count 1 of the Information was five days imprisonment, *See* Haw.Rev.Stat. § 291E–

61(b)(1)(C)(ii), and the maximum possible punishment for Count 2 of the Information was 30 days imprisonment. *See* Haw.Rev. Stat. § 291E–62(b)(1)(A).