UNITED STATES of America, Appellee,

v.

John B. WALKER, Appellant.

No. 76–1736.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 12, 1976.

Decided Feb. 4, 1977.

On Rehearing May 19, 1977.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge:

The defendant, a member of the armed forces stationed at Fort Belvoir, Virginia, appeals his conviction for drunken driving within the Fort Belvoir Military Reservation. His conviction was based upon § 18.-2–266 of the Virginia Code, as made applicable to federal installations under the Assimilative Crimes Act, 18 U.S.C. § 13. He contends that Article 111 of the Uniform Code of Military Justice (10 U.S.C. § 911) gives the military jurisdiction to punish a member of the armed forces for drunken driving on a military installation and that such jurisdiction in the military precludes any jurisdiction in the United States District Court to prosecute a member of the armed services for such an offense.

The argument of the defendant overlooks the fact that under § 3231, 18 U.S.C.[1] federal courts have at the very least concurrent jurisdiction with military courts over violations of the laws of the United States by military personnel whether on or off the military reservation. *Grafton v. United States* (1907) 206 U.S. 333, 348, 27 S.Ct. 749, 51 L.Ed. 1084; *Peek v. United States* (9th Cir. 1963) 321 F.2d 934, 936, cert. denied 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973. Consequently simply because a member of the armed forces may be punished by military court martial for an offense provides no justification for concluding that a District Court lacks jurisdiction to punish him for the same offense, if such offense is violative of a federal law.[2]

The validity of the defendant's prosecution in the District Court for the crime of drunk driving on a federal installation does not, therefore, turn on whether the defend-

Ralph E. Murray, Alexandria, Va., for appellant.

Robert F. McDermott, Jr., Asst. U. S. Atty., Alexandria, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

---

1. 18 U.S.C. § 3231, provides:
   "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
   "Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

2. Of course, there cannot be double punishment. A conviction in the civilian court will preclude a subsequent court martial conviction and *vice versa. Gosa v. Mayden, Warden* (1973) 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873; *Grafton v. United States, supra.*

ant might have been punished under military law but on whether there is a federal law covering the offense of drunk driving on the military reservation of Fort Belvoir, Virginia. That there is such a federal law seems plain.

■■■ § 13, 18 U.S.C. known as the Assimilative Crimes Act, declares:

"Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

There is no express "enactment of Congress" providing punishment for drunk driving in a federal enclave.[3] Whether there can be federal jurisdiction to punish for such offense, then is to be determined by whether the State of Virginia wherein Fort Belvoir is located has a law dealing with the offense of drunk driving. If it does, then, under the terms of the Assimilative Crimes Act, that state law becomes federal law for the offense of drunk driving committed within the federal enclave of Fort Belvoir. Admittedly, the State of Virginia, within which Fort Belvoir is located, has a statute covering the offense of drunk driving and that statute is made federal law by the Assimilative Crimes Act for the offense of drunk driving by anyone, be he civilian or military, on the military reservation of Fort Belvoir. The District Court thus had jurisdiction to try the defendant under that statute.

Accordingly, the conviction in this case is *AFFIRMED.*

---

**3.** Contrary to defendant's contention, we conclude that Article 111 of the Uniform Code of Military Justice is not an enactment of Congress *within the meaning of the Assimilative Crimes Act.* The construction urged by defendant would, in this and similar cases, produce a result which is inconsistent not only with well-established doctrine, noted above, that District Courts have at least concurrent jurisdiction with military courts over offenses committed by military personnel but also with the modern trend toward trying military personnel before District Courts where the offense involved is essentially civilian in nature, *cf. O'Callahan v. Parker* (1969) 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291. Moreover, to military personnel, defendant's construction would mean that state law would apply to a civilian traveling on a highway through a military reservation (e.g., U. S. Route 1 which passes through Fort Belvoir) but not to a member of the military driving along the same stretch of highway—even though the actions of the latter may have no more relation to the military than those of the former. We do not believe that Congress intended either of these anomalies. Rather, we think that, in creating the exception to "made punishable by any enactment of Congress," Congress had in mind Congressional enactments of general applicability, and we construe the exception accordingly.