**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Michael DEBEVOISE,**
**Defendant/Appellant.**

**No. 85–1258.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 1986.

Decided Sept. 18, 1986.

Anthony James, Special Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff/appellee.

Hayden Aluli, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant/appellant.

Before MERRILL, WIGGINS, and JOHN T. NOONAN, Jr. Circuit Judges.

MERRILL, Circuit Judge:

Debevoise, then a member of the United States Army, drove a vehicle while drunk within the confines of a United States military installation in Hawaii. Driving while drunk is in violation of the statutes of Hawaii. Hawaii Rev. Stat. § 291–4 (1985). The Assimilative Crimes Act (ACA), 18 U.S.C. § 13 (1982), provides that, on a military base or other federal enclave, "[w]hoever ... is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

A federal magistrate convicted Debevoise of violating Hawaii law, made applicable through the ACA.

Debevoise challenges the jurisdiction of the federal court, claiming that driving a vehicle while intoxicated within a military installation is "made punishable by [an] enactment of Congress" and that the ACA for this reason does not apply. While there is no federal law generally making drunk driving a federal crime, Article 111 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 911, provides, "Any person subject to this chapter who operates any vehicle while drunk, or in a reckless or wanton manner, shall be punished as a court-martial may direct." Debevoise contends that the UCMJ prevents application of the ACA to military personnel who drive while drunk on federal property.

The First and Fourth Circuits have held to the contrary. *United States v. Mariea,* 795 F.2d 1094 (1st Cir.1986); *United States v. Walker,* 552 F.2d 566, 568 n. 3 (4th Cir.), *cert. denied,* 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116 (1977). In holding the ACA to apply, *Mariea* cites: (1) legislative history showing that the ACA was intended to operate when there was no generally applicable federal criminal law; (2) the ACA's purpose to make state law apply uniformly to crimes committed inside and outside federal enclave boundaries; (3) the desire to equalize treatment between military and

civilian defendants accused of identical non-service related crimes, *see also, United States v. Lee,* 786 F.2d 951, 958–59 (9th Cir.1986) (Skopil, J., concurring); (4) the fact that the UCMJ serves a very different function from and is not meant to replace the general criminal law; (5) the principle that federal and military courts have concurrent jurisdiction over offenses committed by military personnel; and (6) the preference for prosecuting essentially civilian offenses in the district courts, *see Lee, supra,* at 958 (Army, Navy, and Marines prosecute military drunk driving defendants in the district courts). The courts in *Mariea* and *Walker* concluded that Congress, in enacting the ACA, intended "any enactment of Congress" to refer only to enactments of general applicability and not to enactments such as Article 111 of the UCMJ.

 We agree. In a case not involving the UCMJ, this court has approvingly cited *Walker* to support application of the ACA because "there is no express enactment of Congress providing punishment for drunk driving," noting that the ACA applies "except in cases of specific federal crimes." *United States v. Best,* 573 F.2d 1095, 1098 (9th Cir.1978). *See also United States v. Marcyes,* 557 F.2d 1361, 1364 (9th Cir. 1977).

We conclude that the magistrate was not in error in convicting Debevoise under ACA.

Debevoise's presentence report showed three prior drunk driving convictions in Washington state. He was sentenced to terms of imprisonment on all three, and actually served time on two of the convictions. On the basis of those three convictions the magistrate classified him as a third-time offender and sentenced him accordingly under Hawaii law.

The presentence report noted "there is no indication that he was represented by counsel on all three cases." At the presentence hearing, Debevoise offered to testify that he had not been provided with counsel and had not waived his right to counsel.

The magistrate, however, presuming regularity of the Washington proceedings, concluded that Debevoise had received notice of his right and had waived it. This was error.

Where representation by counsel at the time of an earlier conviction is placed in issue, the government bears the burden of showing either representation or the waiver of the right to it. Where the record is silent a reviewing court will presume neither representation nor waiver. *Farrow v. United States,* 580 F.2d 1339, 1354–55 (9th Cir.1978) (en banc); *Burgett v. Texas,* 389 U.S. 109, 114–15, 88 S.Ct. 258, 261–62, 19 L.Ed.2d 319 (1967). If the government fails to meet this burden, the defendant may not be sentenced as a multiple offender. *See Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1161–62, 59 L.Ed.2d 383 (1979); *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

Debevoise is entitled to a hearing upon the questions: (1) whether he was entitled to be provided with counsel; (2) if so, whether he had been so provided; and (3) if not, whether his right to counsel had been waived.

Judgment of conviction affirmed. Order of sentence vacated. Case remanded to the District Court for hearing.