**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert K. SOUZA, Jr., Defendant–
Appellant.**

**No. 04–10228.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2004.*

Filed Dec. 22, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alexander Silvert, First Assistant Federal Defender, Honolulu, HI, for the appellant.

Wes Reber Porter, Assistant United States Attorney, Honolulu, HI, for the appellee.

Before BEEZER, GRABER, and BYBEE, Circuit Judges.

BEEZER, Circuit Judge:

Appellant Robert K. Souza was caught forcefully entering, and removing articles from, a parked vehicle within the boundaries of the Hawaii Volcanoes National Park. Souza pled guilty to Unauthorized Entry into a Motor Vehicle ("UEMV"), in violation of Haw.Rev.Stat. § 708–836.5 (2003), as assimilated into federal law by the Assimilative Crimes Act ("ACA" or "the Act"), 18 U.S.C. § 13. Souza asserts that his conviction was improper because applicable federal statutes govern, thereby precluding the Hawaii statute from being assimilated into federal law.

We have jurisdiction, and we affirm.

## I

The facts are undisputed. On July 5, 2003, at approximately 4:30 a.m., park

rangers at the Hawaii Volcanoes National Park observed Souza forcefully entering a white Chevrolet van. The rangers observed Souza remove a floral tote bag and blue duffel bag, which he placed into his pick-up truck before driving away. The park rangers stopped Souza a moment later, and after being advised of his Miranda rights, Souza confessed to breaking into the van by using a screwdriver to push in the front passenger side door lock. Souza also confessed to using bolt cutters in an unsuccessful attempt to gain entry into the trailer attached to the van. Souza consented to a search of his pick-up truck, which produced the bolt cutter, screwdriver, blue duffel bag, and floral tote bag.

The Hawaii Volcanoes National Park is located within the special maritime and territorial jurisdiction of the United States. Souza was charged with Unauthorized Entry into a Motor Vehicle, in violation of Haw.Rev.Stat. § 708–836.5 (2003), as assimilated into federal law by the Assimilative Crimes Act, 18 U.S.C. § 13. Over Souza's objections, the district court held that the Hawaii statute was properly invoked to charge Souza because the Hawaii statute requires proof of elements not proscribed in federal law. In a plea agreement, Souza reserved his right to appeal the district court's holding that the UEMV statute was properly assimilated into federal law. Souza was sentenced to a 16–month prison term plus three years of supervised release.

Souza asserts that his conviction was improper because applicable federal statutes govern, thereby precluding the Hawaii statute from being assimilated into federal law.

■ We review *de novo* an application of the Assimilative Crimes Act. *United States v. Waites,* 198 F.3d 1123, 1126 (9th Cir.2000); *Tierney v. Kupers,* 128 F.3d 1310, 1311 (9th Cir.1997).

■ The ACA was enacted to fill voids in federal criminal law, so that those who commit crimes in federal enclaves would be appropriately punished by borrowing applicable state law from the state in which the enclave is located. *Lewis v. United States,* 523 U.S. 155, 160–61, 118 S.Ct. 1135, 140 L.Ed.2d 271 (1998). The ACA provides, in relevant part:

> Whoever within or upon any of the places ... on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a).

■ The United States Supreme Court has established a two-part test for analyzing whether a particular state criminal law is properly incorporated into federal law under the Act. First, a court must inquire whether the "defendant's 'act or omission ... [is] made punishable by *any* enactment of Congress.' " *Lewis,* 523 U.S. at 164, 118 S.Ct. 1135 (quoting 18 U.S.C. § 13(a)) (emphasis added). If the answer lies in the negative, typically the assimilation of state law is proper. *Id.* But if the act or omission in question is punishable by some federal enactment, a court must further ask whether the applicable federal law precludes application of the state law in question. *Id.* There is no "automatic general answer" to this inquiry, but *Lewis* suggests several circumstances in which state law would be precluded: (1) where state law "would interfere with the

achievement of a federal policy"; (2) where "state law would effectively rewrite an offense definition that Congress carefully considered"; and (3) where "federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue." *Id.* at 164–65, 118 S.Ct. 1135.

▪ The ACA may not be used to rewrite distinctions in treatment of criminal behavior that Congress has intentionally created. *Id.* at 165, 118 S.Ct. 1135. In addition, where state and federal statutes "seek to punish approximately the same wrongful behavior" and there are mere jurisdictional, technical, or definitional differences between the statutes, assimilation of state law is precluded. *Id.*

## II

▪ Souza was convicted of Unauthorized Entry into a Motor Vehicle, in violation of Haw.Rev.Stat. § 708–836.5(1), which provides:

> A person commits the offense of unauthorized entry into motor vehicle if the person intentionally or knowingly enters or remains unlawfully in a motor vehicle with the intent to commit a crime against a person or against property rights.

Under Hawaii law, the UEMV statute is effectively a burglary statute, except that it focuses on motor vehicles rather than buildings. *State v. Lagat,* 97 Hawai'i 492, 40 P.3d 894, 900 (2002).

## A

▪ We first inquire as to whether Souza's conduct is punishable by "any enactment of Congress." *Lewis,* 523 U.S. at 164, 118 S.Ct. 1135 (quoting 18 U.S.C. § 13(a)). Federal regulations, in addition to statutes, constitute "enactment[s] of Congress" as defined by the ACA. *Waites,* 198 F.3d at 1128. There are several feder-al enactments that could be invoked to punish Souza's conduct.

Title 18 U.S.C. § 661 is a general federal theft provision, which prohibits the "tak[ing] and carr[ying] away, with intent to steal or purloin, any personal property of another" when the offense is committed within the special maritime and territorial jurisdiction of the United States. Similarly, 36 C.F.R. § 2.30 prohibits "[o]btaining or exercising unlawful possession over the property of another with the purpose to deprive the owner of the property." 36 C.F.R. § 2.30(a)(1).

Title 36 C.F.R. § 2.31 prohibits trespassing, tampering, and vandalism:

> (a) The following are prohibited:
>
> (1) Trespassing. Trespassing, entering or remaining in or upon property or real property not open to the public, except with the express invitation or consent of the person having lawful control of the property or real property.
>
> (2) Tampering. Tampering or attempting to tamper with property or real property, or moving, manipulating or setting in motion any of the parts thereof, except when such property is under one's lawful control or possession.
>
> (3) Vandalism. Destroying, injuring, defacing, or damaging property or real property.

Both §§ 2.30 and 2.31 govern exclusively "on all lands and waters within a park area that are under the legislative jurisdiction of the United States," which includes the Hawaii Volcanoes National Park. 36 C.F.R. §§ 2.30(b), 2.31(b).

We conclude that Souza's actions are punishable under these congressional enactments. It is not in dispute that Souza stole and carried away items from the van, which brings his activity squarely under 18 U.S.C. § 661 and 36 C.F.R. § 2.30(a)(1). His unauthorized entry into the van and

the manipulation of the contents therein also constitutes tampering under 36 C.F.R. § 2.31(a)(2).

### B

■ Given that Souza's behavior is punishable under several federal provisions, we turn to the second element of the *Lewis* inquiry, which asks whether the federal provisions preclude application of the state law. The ultimate issue is whether there is a gap in federal law that may be filled by the Hawaii UEMV statute. *Lewis,* 523 U.S. at 160, 118 S.Ct. 1135. The question is one of legislative intent, whether federal law manifests the intent to punish the conduct at issue "to the exclusion of" the UEMV statute. *Id.* at 166, 118 S.Ct. 1135.

The federal theft statute, 18 U.S.C. § 661, is a standard theft provision that would punish activity involving nothing more than a thief's taking and absconding with someone else's unprotected belongings. Souza's activity involved not only theft, but also the separate behavior of unauthorized breaking and entering into a motor vehicle. Title 36 C.F.R. § 2.30 adds nothing, because it also simply operates as a general theft provision. Title 36 C.F.R. § 2.31(a)(1) is a simple trespassing provision, which does not capture the distinction between trespassing and burglary.

Even though Souza can be convicted for trespassing and theft under federal law, a gap remains, because there is no applicable federal provision that punishes specifically the unauthorized entry into a motor vehicle, which Hawaii courts have equated with burglary. *See Lagat,* 40 P.3d at 900. To argue that there is no gap in federal law, one must maintain that there is a federal policy which holds that burglary will be treated no differently from trespassing. Under this purported policy, Souza's crime of breaking into a vehicle and stealing bags that were inside the vehicle would be punished to the same degree as would the trespass onto a victim's yard and the stealing of bags from the victim's yard. There is no indication that Congress has rendered such a policy judgment, particularly one that would apply "to the exclusion of" the UEMV statute at issue. *Lewis,* 523 U.S. at 166, 118 S.Ct. 1135.

Souza argues that the federal enactments "thoroughly proscribe" his conduct, because on top of "theft" and "trespassing," his behavior also qualifies as "tampering" and "vandalism" under 36 C.F.R. § 2.31(a)(2)-(3). The federal enactments, however, do not cover the unique combination of breaking, entering, and taking something from a motor vehicle. Mere general prohibitions against tampering, vandalism, trespassing, and theft do not rise to the level of manifesting a federal policy against assimilating a statute that punishes the specific conduct of unauthorized entry into a motor vehicle. The regulatory history of 36 C.F.R. § 2.31(a)(2), for example, identifies burglary as a distinct offense, noting that the regulation against tampering was created to address only incidents in which "the elements of other criminal offenses such as theft, trespassing, burgulary [sic] or vandalism have not been realized." General Regulations for Areas Administered by the National Park Service, 48 Fed.Reg. 30,252, 30,270 (June 30, 1983).

Because the federal enactments are general in nature and do not address the specific conduct of burglary or unauthorized entry into a motor vehicle, this is not a case in which the federal enactments occupy the field and preclude the invocation of state law. Application of the Hawaii statute does not present the specter of rewriting the definition of an offense that Congress has considered. There is no indication of an overriding federal policy

with which the Hawaii UEMV statute interferes.

After comparing the Hawaii UEMV statute with the general federal enactments, we conclude that there is a "substantial difference in the kind of wrongful behavior covered," *Lewis*, 523 U.S. at 166, 118 S.Ct. 1135, which indicates the presence of a gap in federal law that the Hawaii statute properly fills under the ACA.

AFFIRMED.