**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　　v.

TERESITA DOTSON,
　　　　　　　*Defendant-Appellant.*

No. 09-30149

D.C. No.
CR 08-5761 RBL

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　　v.

WARREN F. FISHER,
　　　　　　　*Defendant-Appellant.*

No. 09-30150

D.C. No.
CR 08-5760 RBL

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　　v.

ANNIE JONES,
　　　　　　　*Defendant-Appellant.*

No. 09-30158

D.C. No.
CR 08-5757 RBL

OPINION

Appeals from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
March 5, 2010—Seattle, Washington

Filed August 17, 2010

12043

Before: A. Wallace Tashima, Raymond C. Fisher, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge Tashima

**COUNSEL**

Penny Fields, Perkins Coie Community Service Fellow, Federal Public Defender's Office, Seattle, Washington, for the defendants-appellants.

Aravind Swaninathan, Assistant United States Attorney, Seattle, Washington, for the plaintff-appellee.

**OPINION**

TASHIMA, Circuit Judge:

Teresita Dotson, Warren Fisher, and Annie Jones (collectively, "Defendants") appeal their convictions for furnishing liquor to minors, in violation of Wash. Rev. Code § 66.44.270, assimilated into federal law under the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13(a). We have jurisdiction pursuant to 12 U.S.C. § 1291. Because assimilation of Washington state law was proper, we affirm.

**BACKGROUND**

Defendants were employed at McChord Air Force Base, Washington, by on-base establishments that sold alcohol. Each was caught serving alcohol to underage servicemen. Defendants were charged separately by information with supplying liquor to persons under the age of 21 in violation of 18 U.S.C. §§ 7 and 13 and Wash. Rev. Code § 66.44.270,[1]a gross misdemeanor.

---

[1]Wash. Rev. Code § 66.44.270 states:

Defendants filed identical motions to dismiss for lack of subject matter jurisdiction, arguing that § 66.44.270 is not properly assimilated under the ACA. After a magistrate judge orally denied all three motions, Defendants entered conditional guilty pleas, pursuant to Federal Rule of Criminal Procedure 11(a)(2). Each Defendant was sentenced to pay a $75.00 fine and $25.00 special assessment.

On appeal, the district court affirmed the judgments of conviction, concluding that § 66.44.270 was assimilated under the ACA, such that federal jurisdiction existed. Defendants timely appealed, and we consolidated the appeals.

## ANALYSIS

We review *de novo* whether the ACA assimilates a state law crime. *See United States v. Souza*, 392 F.3d 1050, 1052 (9th Cir. 2004).

---

(1) It is unlawful for any person to sell, give, or otherwise supply liquor to any person under the age of twenty-one years or permit any person under that age to consume liquor on his or her premises or any premises under his or her control. . . . A violation of this subsection is a gross misdemeanor punishable as provided for in chapter 9A.20 RCW.

\*\*\*

(3) Subsections (1) and (2)(a) of this section do not apply to liquor given or permitted to be given to a person under the age of twenty-one years by a parent or guardian and consumed in the presence of the parent or guardian . . . .

(4) This section does not apply to liquor given for medicinal purposes to a person under the age of twenty-one years by a parent, guardian, physician, or dentist.

(5) This section does not apply to liquor given to a person under the age of twenty-one years when such liquor is being used in connection with religious services and the amount consumed is the minimal amount necessary for the religious service.

*Id.*

**[1]** Congress enacted the ACA "to borrow state law to fill in the gaps of federal criminal law applicable to federal enclaves that occur when Congress has not passed specific criminal statutes with respect to the missing offenses." *United States v. Clark*, 195 F.3d 446, 449 (9th Cir. 1999) (citing *Lewis v. United States*, 523 U.S. 155, 160 (1998)). The ACA provides:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). Thus, the ACA "subjects 'persons on federal lands to federal prosecution in federal court for violations of criminal statutes of the state in which the federal lands are located.' " *Clark*, 195 F.3d at 449 (quoting *United States v. Kiliz*, 694 F.2d 628, 629 (9th Cir. 1982)). In so doing, the ACA "establishes uniformity in a state's prohibitory laws where such conduct is not made penal by federal statutes." *United States v. Marcyes*, 557 F.2d 1361, 1364 (9th Cir. 1977).

**[2]** Under the ACA, a state statute is properly assimilated if it "is penal, it is prohibitory, and it is not precluded by generally applicable federal law that evinces an intent to punish the culpable conduct to the exclusion of state law." *Clark*, 195 F.3d at 448. Thus, there are two primary reasons the ACA may not assimilate a state law: (1) the act or omission at issue

is already made punishable by an enactment of Congress that precludes application of the state statute to be assimilated; or (2) the state statute to be assimilated is regulatory rather than prohibitory. *See, e.g.*, *id.* at 449-51 (addressing whether unauthorized practice of law statute was properly assimilated based on the argument that it was regulatory rather than prohibitory and on the argument that defendant's conduct was punishable under the Uniform Code of Military Justice); *Marcyes*, 557 F.2d at 1364-66 (addressing whether fireworks law was properly assimilated based on the argument that it was regulatory rather than prohibitory and on the argument that "Congress has provided other standards which are controlling and preempt the field").

In addition to these arguments, we also consider whether failure to assimilate the law would "circumvent" the state's "determination that [the conduct] is dangerous to the general welfare of its citizens," and whether assimilation would further the ACA's purpose of establishing uniformity. *See Marcyes*, 557 F.2d at 1364-65.

A

**[3]** We begin with the question whether furnishing alcohol to a minor is an act already made punishable by an enactment of Congress.[2] A state statute may be assimilated "only if no

---

[2]A preemption-based challenge to assimilation is most often mounted in a case where the state statute at issue is unquestionably prohibitory and criminal in nature. *See, e.g.*, *United States v. Rocha*, 598 F.3d 1144 (9th Cir. 2010) (considering whether California statute prohibiting assault committed by means of force likely to produce great bodily injury was properly assimilated). However, preemption may also be raised as a secondary argument against assimilation, where the primary issue litigated is whether the law is prohibitory or regulatory. *See, e.g.*, *Clark*, 195 F.3d at 450-51; *Marcyes*, 557 F.2d at 1365-66. Although Defendants' brief focused on the contention that § 66.44.270 is regulatory rather than prohibitory, Defendants touch on a preemption argument by arguing that assimilation of § 66.44.270 would not further the ACA's gap-filling function.

act of Congress makes such conduct punishable." *Marcyes*, 557 F.2d at 1365. This presents a species of preemption inquiry, for which we apply a two-part test:

> "[T]he ACA's language and its gap-filling purpose taken together indicate that a court must first ask the question that the ACA's language requires: Is the defendant's act or omission made punishable by *any* enactment of Congress. If the answer to this question is 'no,' that will normally end the matter. The ACA presumably would assimilate the statute. If the answer to the question is 'yes,' however, the court must ask the further question whether the federal statutes that apply to the 'act or omission' preclude application of the state law in question . . . ."

*United States v. Rocha*, 598 F.3d 1144, 1148 (9th Cir. 2010) (quoting *Lewis*, 523 U.S. at 164) (emphasis in *Lewis*).

**[4]** Our inquiry ends at the first step, because we conclude that no enactment of Congress makes punishable the conduct at issue. Defendants direct our attention to 50 U.S.C. app. § 473, which authorizes the Secretary of Defense

> to make such regulations as he may deem to be appropriate governing the sale, consumption, possession of or traffic in beer, wine, or any other intoxicating liquors to or by members of the Armed Forces or the National Security Training Corps at or near any camp, station, post, or other place primarily occupied by members of the Armed Forces or the National Security Training Corps.

*Id.* Defendants contend that this statute demonstrates that the ACA's gap-filling purpose would not be furthered by assimilation of § 66.44.270 because the statute already makes the conduct in question punishable.

**[5]** We note that § 473 is a statute that grants rulemaking authority to the Secretary of Defense, but that does not itself set forth any rules or regulations governing the sale, consumption, possession of or traffic in beer, wine, or any other intoxicating liquors.[3] Even if § 473 did set forth specific prohibitions, it would not preclude assimilation unless those prohibitions were "of general applicability." *See Clark*, 195 F.3d at 451 ("[A]lthough only those laws governing conduct 'not made punishable by any enactment of Congress' may be assimilated, . . . 'any enactment' refers only to enactments of general applicability." (citing *United States v. Debevoise*, 799 F.2d 1401, 1403 (9th Cir. 1986))). In both *Clark* and *Debevoise*, we held that state statutes were properly assimilated even though the defendant was also subject to punishment under certain articles of the Uniform Code of Military Justice ("UCMJ") because those articles were not "of general applicability." *Clark*, 195 F.3d at 451; *Debevoise*, 799 F.2d at 1402-03; *accord United States v. Mariea*, 795 F.2d 1094, 1100 (1st Cir. 1986) ("It stands to reason that the federal laws Congress had in mind as barring assimilation of state laws were federal laws of a character similar to the state laws they preempted — *i.e.*, criminal laws of general application. The articles of the UCMJ, however, pertain only to members of the armed forces.").

**[6]** Defendants also rely on Secretary of the Air Force Instruction 34-219 (Oct. 17, 2007) ("AFI 34-219"). Although they do so in support of the argument that § 66.44.270 is regulatory rather than prohibitory, a contention we address in the next section, we also briefly consider whether the instruction constitutes an enactment of Congress that would preclude

---

[3]Similarly, 10 U.S.C. § 2683, does not itself govern the furnishing of alcohol to minors, but rather authorizes and instructs the Secretary to do so. *See id.* ("[Subject to certain exceptions], the Secretary concerned shall establish and enforce as the minimum drinking age on a military installation located in a State the age established by the law of that State as the State minimum drinking age.").

assimilation. AFI 34-219 "applies to all personnel who sell, serve, purchase, or consume alcohol on Air Force installations or aircraft" and "Air National Guard [ ] units and members when on Air Force bases." *Id*. Failure to comply with the relevant portions of the instruction is a violation of Article 92 of the UCMJ, and violations may also "result in administrative disciplinary action without regard to otherwise applicable criminal or civil sanctions for violations of related laws." *Id.* Because the prohibitions in the instruction are limited to military personnel, as opposed to civilians, they cannot be considered "of general applicability." *See Clark*, 195 F.3d at 451 (citing *Debevoise*, 799 F.2d at 1403).[4]

[7] Because 50 U.S.C. app. § 473 and AFI 34-219 contain no generally applicable prohibitions, they "do not establish federal policy against which a state statute must be measured for conflict or inconsistency." *See Clark*, 195 F.3d at 451 (citing *Debevoise*, 799 F.2d at 1403). Accordingly, we conclude that no enactment of Congress precludes assimilation of § 66.44.270 under the ACA.

B

We turn now to the question whether § 66.44.270 is regulatory or prohibitory. To answer this question, we consider the intent behind the statute: If the "statute is intended to prohibit particular conduct in order to promote the general welfare," it is a properly assimilated prohibitory law; if, on the other hand, the statute is "primarily a licensing law aimed at regulating particular conduct . . . and generating revenues," it is regulatory. *Clark*, 195 F.3d at 450; *see also Marcyes*, 557 F.2d at 1364.

---

[4]Defendants do not contend that the limited authority of a commanding officer to lower the drinking age on base, *see* AFI 34-219, was invoked with respect to these sales, so that authority likewise poses no obstacle to assimilation here.

The inquiry presents an issue of framing. Defendants urge us to focus on Washington's Title 66, which contains § 66.44.270. They contend that the intent behind the title is to *permit* the sale, distribution, and consumption of alcohol, subject to *regulation*. The government counters that § 66.44.270 flatly *prohibits* the furnishing of alcohol to minors, with only limited exceptions.

In support of their approach to framing, Defendants rely on *California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987). In *Cabazon*, the Supreme Court considered whether a California law governing bingo was prohibitory or regulatory.[5] *Id.* at 208-12. "In light of the fact that California permits a substantial amount of gambling activity, including bingo, and actually promotes gambling through its state lottery," the Supreme Court concluded, "California regulates rather than prohibits gambling in general and bingo in particular." *Id.* at 211. Defendants contend that, like California's gambling statutory scheme, in which California allowed for and benefitted from gambling, Washington's alcohol statutory scheme allows for widespread sale and consumption, authorizing state-run liquor stores, and generating income from alcohol-related taxes and fees. Defendants, however, focus on the overarching scheme to the exclusion of the specific statute at issue. Contrary to Defendants' arguments, such an approach is not condoned by *Cabazon*, which, in addition to discussing California's approach to gambling generally, specifically noted that California did not prohibit but rather regulated bingo "in particular." *See id.* (noting that bingo was widely

[5]*Cabazon* did not address the ACA, but rather Public Law 280, Pub. L. No. 83-280, 67 Stat. 588 (codified as amended at 18 U.S.C. § 1162, 28 U.S.C. § 1360, 25 U.S.C. § 1321-1326), which allows application of state laws on tribal lands if Congress expressly so provides. 480 U.S. at 207. The prohibitory/regulatory distinction applies in both contexts. *See Cabazon*, 480 U.S. at 211 n.10 (noting that *Marcyes* applied the prohibitory/regulatory distinction); *Clark*, 195 F.3d at 449 (entertaining a *Cabazon*-based argument against assimilating a state law under the ACA).

played and legally sponsored by several organizations, pursuant to the state statute).

Indeed, we previously have rejected Defendants' approach to framing. In *Clark*, we considered whether a provision making the unauthorized practice of law a misdemeanor was properly assimilated under the ACA. 195 F.3d at 448. The defendant argued that the provision was regulatory because the statutory scheme as a whole *regulated* the *practice* of law, rather than *prohibited* the *unauthorized practice* of law. *Id.* at 449. The defendant in *Clark* invoked *Cabazon* in support of her argument that "the district court misfocused the inquiry by analyzing the unauthorized practice of law rather than the practice of law," contending that "California statutes regulating the practice of law are similar to its gambling statutes, which the Supreme Court held [in *Cabazon*] are regulatory because California did not prohibit all forms of gambling but only certain types of high stakes bingo." *Id.* (citing *Cabazon*, 480 U.S. at 211-12).

**[8]** We rejected this argument, emphasizing that a penal provision that is part of a larger regulatory scheme can nonetheless be assimilated where the penal provision is criminal and prohibitory. *Id.* at 450. We held that the statute at issue was properly assimilated under the ACA because the unauthorized practice of law was "flatly prohibited and criminally penalized." *Id.*

**[9]** Here, too, the conduct at issue — the furnishing of alcohol to minors — is flatly prohibited and criminally penalized. Section 66.44.270's limited exceptions for alcohol given by a parent or guardian and consumed in the parent's or guardian's presence, alcohol given for medicinal purposes, and alcohol given for religious services do not remove it from the realm of prohibitory laws. *See Marcyes*, 557 F.2d at 1364 (holding that fireworks statute was prohibitory even though there were exceptions for public displays and movies).

**[10]** The specific statute at issue, § 66.44.270, is the type of prohibitory law we previously have deemed properly assimilated under the ACA. *See, e.g.*, *United States v. Quemado*, 26 F.3d 920, 922 (9th Cir. 1994) (holding that state statute prohibiting driving after suspension or revocation of license was properly assimilated); *United States v. Foumai*, 910 F.2d 617, 619 (9th Cir. 1990) (noting that state statutes prohibiting driving without insurance and driving with a suspended license were assimilated); *United States v. DeWater*, 846 F.2d 528, 529 (9th Cir. 1988) (noting that state statute prohibiting driving under the influence was assimilated); *cf. United States v. Carlson*, 900 F.2d 1346, 1347-48 (9th Cir. 1990) (holding that state speed limit law that categorized non-compliance as a violation rather than a criminal offense was not properly assimilated). Its presence in what is arguably a regulatory scheme does not alter our conclusion that Section 66.44.270 is prohibitory.[6]

## C

Finally we consider Washington's public policy and the effect of assimilation on the ACA's uniformity goal. We agree with the government that declining to assimilate § 66.44.270 would "circumvent" the state's purpose in penalizing the conduct at issue. *See Clark*, 195 F.3d at 450 (noting that "failure to assimilate [the state statute] would circumvent California's determination that the unauthorized practice of law poses a threat to the general public"); *Marcyes*, 557 F.2d at 1364 (noting that declining to assimilate "would entirely circumvent Washington's determination that the possession of fireworks is dangerous to the general welfare of its citizens").

---

[6]Defendants contend that AFI 34-219 is "further evidence" that § 66.44.270 is regulatory because "the Air Force has also chosen to regulate the furnishing of liquor to those under the legal drinking age in a state, but has done so differently than the State of Washington." Our inquiry, however, focuses on the intent behind the state statute to be assimilated. The existence of an Air Force instruction on the same subject is not relevant to that inquiry.

**[11]** The Washington Supreme Court has clearly identified the purpose behind § 66.44.270 as "protect[ing] minors' health and safety interests from their 'own inability to drink responsibly' and . . . protect[ing] against the particular hazard of 'alcohol in the hands of minors.' " *Schooley v. Pinch's Deli Market, Inc.*, 951 P.2d 749, 753 (Wash. 1998) (quoting *Hansen v. Friend*, 824 P.2d 483, 486 (Wash. 1992)).[7] Like the unauthorized practice of law statute and the fireworks statute at issue in *Clark* and *Marcyes*, respectively, § 66.44.270 reflects a specific determination by Washington that particular conduct poses a certain threat. Failure to assimilate § 66.44.270 would circumvent that determination.

**[12]** We also conclude that assimilating § 66.44.270 furthers the ACA's goal of uniformity. "Congress' purpose in enacting the ACA was to fill in the gaps in the criminal law applicable to federal enclaves created by the failure of Congress to pass specific criminal statutes." *Marcyes*, 557 F.2d at 1364 (citing *United States v. Sharpnack*, 355 U.S. 286 (1958), and *Williams v. United States*, 327 U.S. 711 (1946)). Thus, a statute is properly assimilated where assimilation would "uphold[ ] [Congressional] policy by insuring that [a state's laws] will be uniformly applied to all citizens . . . on or off [the federal enclave]." *Marcyes*, 557 F.2d at 1364-65.

**[13]** Applying the state law governing the furnishing of alcohol to minors on base would further uniformity between the base and the state of Washington. Defendants misunder-

---

[7]Citing to *Schooley*, Defendants assert that Washington's underlying interest is "seek[ing] generally to promote the health and safety of its citizens." They argue that if this interest were a sufficient justification for assimilation, any provision of Title 66 could be assimilated, as its stated purpose is "the protection of the welfare, health, peace, morals, and safety of the people of the state." *See* Wash. Rev. Code § 66.08.010. The concern that assimilating § 66.44.270 would lead to widespread assimilation of any law whose purpose was to protect the general welfare is unfounded, however, because *Schooley* articulated the state's interest much more specifically.

stand the ACA's goal of uniformity, contending that, in light of an Air Force instruction that permits the suspension of the drinking age requirement in specific instances, the criminal law that would apply to military personnel on base, and the civilian personnel that serve them, would differ from that applied to civilian employees on base. Our inquiry, however, does not concern the level of uniformity within the federal enclave, but rather the level of uniformity between the federal enclave and the state in which it is situated.

AFI 34-219 states that, as a general rule, the minimum drinking age "must be consistent with the law of the state . . . in which the installation is located." *Id.* However, the instruction allows a Major Air Command Director of Services to approve a suspension of the minimum drinking age "for attendees at a particular unit gathering" when "an entire unit marks a unique or non-routine military occasion on a military installation." *Id.* Where such a suspension occurs, military or civilian personnel on base are permitted to furnish alcohol to certain underage military personnel on base, but are not permitted to furnish alcohol to other underage military personnel or civilians. This lack of on-base uniformity would exist irrespective of assimilation, as the general minimum drinking age under the instruction — which would remain in effect for all those not subject to an exception — is the same as the state in which the base is located. Moreover, the lack of uniformity within a federal enclave is not the uniformity problem the ACA aims to rectify. *See Sharpnack*, 355 U.S. at 295.

Defendants also argue that if § 66.44.270 is assimilated, civilians and military personnel off base would have a different law applied to them than military personnel on base. This argument focuses on the proper uniformity question. However, the apparent anomaly is a result of the discrepancy between the Air Force instruction, which applies on base, and the state law, which applies off base. This discrepancy, too, will exist irrespective of whether § 66.44.270 is assimilated. Indeed if § 66.44.270 is assimilated, the discrepancy will be

ameliorated, because sales to underage civilians and sales to underage military personnel that occur while a suspension of the drinking age is not in effect will be subject to the same rules whether the underage individuals are on or off base.

## CONCLUSION

**[14]** Accordingly, we conclude that § 66.44.270 is penal, prohibitory, and not precluded by generally applicable federal law, and that assimilation of § 66.44.270 furthers the ACA's uniformity purpose.

For the foregoing reasons, the judgements of conviction are **AFFIRMED.**