**UNITED STATES of America,**
**Plaintiff,**

v.

**Richard Allen GOODWIN, Defendant.**

**No. 12–04222M–001 PCT MEA.**

United States District Court,
D. Arizona.

March 1, 2013.

Adam Keith Zickerman, U.S. Attorneys Office, Flagstaff, AZ, for Plaintiff.

John Trebon, John Trebon PC, Flagstaff, AZ, for Defendant.

### ORDER

MARK E. ASPEY, United States Magistrate Judge.

#### Background

A criminal complaint docketed July 30, 2012, alleged: "On, about, or between December 1–31, 2011, in Grand Canyon Village, Arizona, within the confines of Grand Canyon National Park, an area within the special maritime and territorial jurisdiction of the United States", Defendant failed to provide medical attention to an animal to prevent its suffering "in violation of Title 18, United States Code, Section 13, and Arizona Revised Statute 13–2910(A)(2)"(Count I). The complaint further charged Defendant had "knowingly or recklessly inflicted unnecessary physical injury to any animal by kicking his puppy" (Count II), in violation of "of Title 18, United States Code, Section 13, Arizona Revised Statute 13–2910(A)(3)." The complaint further charged Defendant with cruelty to animals (Count III), "in violation of Title 18, United States Code, Section 13, Arizona Revised Statute 13–2910(A)(9)." Defendant was also charged with giving a false statement to federal law enforcement (Count IV), in violation of the Code of Federal Regulations. On August 14, 2012, pursuant to oral motion of the government, Count III was dismissed.

On December 27, 2012, the Court set a bench trial for February 22, 2013. The order stated:

> IT IS HEREBY ORDERED that the Motions deadline date is continued from December 31, 2012 to January 30, 2013. IT IS FURTHER ORDERED that the Trial date is continued from January 23, 2013 to February 22, 2013 at 9:00 a.m. As this is the fourth trial setting in this matter the parties are placed on notice that any further requests for trial continuance will be met with disfavor.

Doc. 22.

On February 14, 2013, Defendant filed a trial brief. *See* Doc. 23. The government filed a trial brief on February 21, 2013. *See* Doc. 25.

Defendant's trial memorandum states:

> Mr. Goodwin, through counsel, seeks dismissal of Counts 1–2 of the Complaint for lack of jurisdiction under the Assimilative Crime Act, Title U.S.C. § 13 and for failure to charge a cognizable federal offense.

> Mr. Goodwin is charged with offenses under Arizona law, purportedly rendered federal offenses under the Assimilative Crimes Act, Title 18 U.S.C. § 13. The statute applies to persons who commit crimes within "places" described in Title 18 U.S.C. § 7. See Title 18 U.S.C. § 13(a).

> Defendant argues:

National Parks, however, are "conspicuously absent from 18 U.S.C. § 7 ...". *United States v. Woods*, 450 F.Supp. 1335, 1336 (D. Maryland 1978). Mr. Goodwin's offenses, therefore, do not fall under the Assimilative Crimes Act and should be dismissed. Jurisdiction must rest under Title 16 if adopted by federal regulations. Also see, *United States v. Verlin*, [1997 WL 630110] 1997 U.S. Dis. LEXIS 17445 (D. Kansas 1997)(Memorandum & Order).

With regard to the merits of Defendant's contention that the Court does not have jurisdiction to prosecute Defendant on Count I and Count II because the jurisdiction conferred by the Assimilative Crimes Act does not encompass the Grand Canyon National Park and crimes committed therein, the government responds:

> The defendant notes that the jurisdiction should be under Title 16 and not that of 18 U.S.C. § 13. However, Title 16 U.S.C. § 3 authorizes the Secretary of the Interior to make and publish "regulations as he may deem necessary and proper for the use and management of parks."

The matter proceeded to trial on February 22, 2013. At that time from the bench the Court denied Defendant's motion to dismiss Counts I and II for three reasons: the motion was not timely because it was filed after the date established by the Court for the filing of pretrial motions; the motion to dismiss was included in Defendant's Trial Memorandum and was not presented as a separate motion in violation of Rule 12.1, Local Rules of Criminal Procedure for the United States District Court for the District of Arizona, referencing Local Rule 7.1 and 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona,

requiring that motions be presented in a distinct pleading; and Defendant is simply wrong in asserting that the jurisdiction conferred by the Assimilative Crimes Act does not encompass Grand Canyon National Park.[1] This written order follows.

**Analysis**

The Assimilative Crimes Act ("ACA"), codified at 18 U.S.C. § 13, states in pertinent part:

> Whoever *within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title* ... is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

(emphasis added)

Section 7 of 18 U.S.C., referenced in the ACA, provides:

> The term "special maritime and territorial jurisdiction of the United States", as used in this title, includes:
>
> * * *
>
> (3) Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

"The ACA was enacted to fill voids in federal criminal law" within federal en-

---

**1.** At the conclusion of proceedings on February 22, 2013, the Court ordered supplemental pleading with regard to the admissibility of Defendant's confession and continued the trial to March 6, 2013.

claves. *See, e.g., United States v. Souza,* 392 F.3d 1050, 1052 (9th Cir.2004).

Grand Canyon National Park, a federal enclave, was "reserved" as a federal enclave in 1917. Prior to February 1, 1940, it was presumed that the United States accepted criminal jurisdiction over federal lands within state boundaries whenever offered by a state because jurisdiction was deemed a benefit to the sovereign. *See Fort Leavenworth R.R. Co. v. Lowe,* 114 U.S. 525, 528, 5 S.Ct. 995, 997, 29 L.Ed. 264 (1885). However, this presumption was statutorily reversed by the enactment of 40 U.S.C. § 255, now codified at § 3112. *Adams v. United States,* 319 U.S. 312, 313, 63 S.Ct. 1122, 1122–23, 87 L.Ed. 1421 (1943)("The Act provides further: 'Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted.' ").[2]

In 1975 Congress enacted 16 U.S.C. § 221, the Grand Canyon National Park Enlargement Act, which expanded the boundaries of the Park. In 1976 the Arizona state legislature enacted Arizona Revised Statutes Annotated § 37–620(D)(1)(g), which granted concurrent criminal jurisdiction of all lands within Grand Canyon National Park to the federal government.

On January 13, 1977 the Western Regional Director for the National Park Service wrote to Arizona Governor Castro formally requesting that the State of Arizona grant concurrent criminal jurisdiction to the federal government for those lands located in Grand Canyon National Park. On October 6, 1977, Governor Castro wrote to the Secretary of the Interior granting the request.

▪ Accordingly, Grand Canyon National Park is within the "special maritime and territorial jurisdiction of the United States" because it is comprised of "lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof", as provided for in 18 U.S.C. § 7. Additionally, because Defendant was "within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title" when the alleged crimes occurred, the ACA is applicable if Defendant is charged with "any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated ...".

The United States Supreme Court has established a two-part test for analyzing whether a particular state criminal law is properly incorporated into federal law

---

2. This section provides:
Federal jurisdiction
(a) Exclusive jurisdiction not required.—It is not required that the Federal Government obtain exclusive jurisdiction in the United States over land or an interest in land it acquires.
(b) Acquisition and acceptance of jurisdiction.—When the head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that individual may accept or secure, from the State in which land or an interest in land

that is under the immediate jurisdiction, custody, or control of the individual is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.
(c) Presumption.—It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section.

under the Act. First, a court must inquire whether the "defendant's 'act or omission ... [ is] made punishable by any enactment of Congress.'" *Lewis* [*v. United States* ], 523 U.S. [155] at 164, 118 S.Ct. 1135 [140 L.Ed.2d 271 (1998) ] (quoting 18 U.S.C. § 13(a)) (emphasis added). If the answer lies in the negative, typically the assimilation of state law is proper. *Id.* But if the act or omission in question is punishable by some federal enactment, a court must further ask whether the applicable federal law precludes application of the state law in question. *Id.* There is no "automatic general answer" to this inquiry, but *Lewis* suggests several circumstances in which state law would be precluded: (1) where state law "would interfere with the achievement of a federal policy"; (2) where "state law would effectively rewrite an offense definition that Congress carefully considered"; and (3) where "federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue." *Id.* at 164–65, 118 S.Ct. 1135.

*Souza,* 392 F.3d at 1052–53.

Defendant does not assert that the alleged act or omission violates a specific enactment of Congress, or that the incorporation of state law would interfere with federal policy, rewrite an offense definition, or that federal statutes reveal an intent to occupy this field of law. Accordingly, Defendant may properly be charged with the crimes alleged in the complaint.

It is ORDERED denying Defendant's motion to dismiss Counts I and II of the criminal complaint.